# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Office of the Clerk

### After Opening a Case – Pro Se Appellants
(revised July 2011)

**Court Address**

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
|---|---|---|
| Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>P.O. Box 193939<br>San Francisco, CA<br>94119-3939 | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA<br>94103-1526 | 95 Seventh Street<br>San Francisco, CA<br>94103 |

**Before you prepare your case, please read all information carefully.** Keep the following points in mind:

- Your appeal has been assigned a Court of Appeals case number. You must include this number on all correspondence and filings you send to this Court and to opposing counsel.

- You must keep a copy for your personal records of all documents you send to this Court.

- Your documents must be legibly typed or written. Do not use tissue paper. If the Clerk cannot read the documents when they arrive, they will not be processed.

- If you move or your mailing address changes, you must notify this Court in writing immediately. If you do not, you could miss important papers from this Court notifying you of deadlines or decisions. Missing a filing deadline may cause your case to be dismissed without further notice.

**Special note concerning Electronic Case Filing**
As a pro se appellant, you are not required to file documents electronically using the Ninth Circuit's Appellate ECF (Electronic Case Files) system. However, if you are not currently incarcerated and if you have regular access to a reliable internet connection as well as a computer that meets the hardware and software requirements, you may register for Appellate ECF. You will find information about the technical requirements for electronic filing on the Court's website, www.ca9.uscourts.gov under *Electronic Filing – ECF*. You must register as an electronic filer before you will be able to file documents electronically.

If you decide to register and to file documents electronically, you are subject to different rules than outlined in this packet. These rules are contained in the Court's Circuit Rules, which are available on the Court's website www.ca9.uscourts.gov under *Rules*.

### Your Appeal in the Ninth Circuit – A Quick Overview

- **Case number.** After your appeal is filed, a case number will be assigned. You must include this number on anything you send to the Court. With your case number, you'll also receive:

    - **Time Schedule Order**. This important order tells you when certain documents, such as briefs, are due.

    - **Sample Certificate of Service**. You must include a certificate of service with each document you file with this Court in order to show that you sent a copy of the document to the opposing attorney.

    - **Informal Brief Form**. If you use this form, you are not required to comply with the technical requirements for Ninth Circuit briefs.

- **Change of address.** You must notify the Court in writing of any change of address. 9th Cir. R. 46-3. If you choose to register and file electronically, you must change your address via PACER at:
    https://pacer.psc.uscourts.gov/psco/cgi-bin/cmecf/ea-login.pl

- **Filing fee.** You must pay your $455.00 filing fee in the originating court (for example, the district court), or ask that the fee be waived (called "proceeding in forma pauperis"). Instructions for filing a motion to proceed in forma pauperis are included in the "General Information" section of this document. If your motion to proceed in forma pauperis is denied and you do not pay the fees, your case will be dismissed.

- **Opening brief.** You must file your opening brief by the date stated on the time schedule order. Do not file an opening brief until after the court issues an order with a due date for the opening brief.

- **Reply brief.** If you want to file a reply to your opponent's brief, you must do that within 14 days of the date your opponent served you with the brief.

- **Habeas cases.** If you are an appellant in an appeal from an action filed pursuant to 28 U.S.C. § 2254 or § 2255, you must first obtain a *certificate of appealability* regarding any issues you want to raise in your brief. If the district court has denied a certificate of appealability, you must request a certificate from this Court. 9th Cir. R. 22-1. This is explained further in the "General Information" section of this document.

- **Completion of briefing.** Once all the briefs are filed, the case will be considered by a panel of three judges. Unless one or more of the judges requests that oral argument be heard, your case will be decided based on the information included in the briefs and the record. Fed. R. App. P. 34(a). If the judges decide that oral argument would be beneficial to the Court, you will receive notice that your case has been put on a hearing calendar.

- **Decision before briefing is complete.** In some cases, the judges may decide a case before the completion of briefing. 9th Cir. R. 3-6.

- **Final decision.** When the judges decide your case, you will receive a memorandum disposition or order.

## General Information for Pro Se Appellants

**1.   THE COURT OF APPEALS**

The Court of Appeals reviews final decisions of the U.S. District Court, U.S. Tax Court, U.S. Bankruptcy Court, the Bankruptcy Appellate Panel, and certain federal agencies.  The Court looks at the originating court record as well as the briefs of the parties to see if there are any constitutional, legal, or factual mistakes.  No new evidence or testimony can be presented in this Court.

**2.   THE FEDERAL RULES**

You must carefully follow the Federal Rules of Appellate Procedure (Fed. R. App. P.) and the Ninth Circuit Rules (9th Cir. R.).  The Federal Rules and the Ninth Circuit Rules are available on the Court's website, www.ca9.uscourts.gov under *Rules*.  If you would like a written copy of the Ninth Circuit Rules sent to you free of charge, please send a written request with a return mailing label to the Clerk's office.

**3.   PAYMENT OF FEES**

The docketing and filing fees for an appeal are paid in the originating court when the notice of appeal is filed.

**If you cannot afford to pay the fees,** you may file a motion to proceed without payment of fees, called a motion to proceed *in forma pauperis.*  A financial affidavit, including a statement by you swearing under penalty of perjury that you do not have enough money or other assets to pay the fees, must be included with your motion.  The financial affidavit may be found at Form 4, Federal Rules of Appellate Procedure, available on the Court's website, www.ca9.uscourts.gov under *FAQs, Forms and Instructions.*

**If you do not pay your filing fees or file a motion to proceed *in forma pauperi*s, your case will be dismissed.**  9th Cir. R. 42-1.

- The motion to proceed *in forma pauperis* may be denied if the Court determines that your appeal is without legal or factual merit.  If the motion is

denied, you must pay the fees or your case will be dismissed. Fed. R. App. P. 24.

- If your motion to proceed in forma pauperis is granted, you do not need to pay the filing fees, unless you are a prisoner in a civil (non-habeas corpus) appeal, in which case you will be required to pay the entire $455.00 filing fee when funds exist in your prison account. 28 U.S.C. § 1915(b). If you are incarcerated, the Court will notify you of your obligations under this statute and will require you to complete and return an authorization form to allow prison officials to deduct the funds from your account on a monthly basis. In addition, all litigants proceeding in forma pauperis still have to pay for other expenses of their appeal, including copying, mailing, and costs you may have to pay your opponent if you lose the appeal. Fed. R. App. P. 39.

- If you were permitted to proceed in forma pauperis in the district court and that status has not been revoked, you need not file a motion in this Court. Fed. R. App. P. 24(a). You will still be obligated to pay the fees under 28 U.S.C. § 1915(b) in civil appeals if you are incarcerated.

## 4. CERTIFICATE OF APPEALABILITY

In all appeals from proceedings filed pursuant to 28 U.S.C. § 2254 or § 2255, the appellant must obtain a certificate of appealability (COA) in order to seek review in the Court of Appeals. Fed. R. App. P. 22(b). If the district court denies a COA as to all issues, you must request a COA from the Court of Appeals. 9th Cir. R. 22-1. A timely notice of appeal will be considered as a request for a certificate of appealability in this Court.

## 5. TRANSCRIPT DESIGNATION AND ORDERING FORM

Whether or not you are incarcerated, if you want to quote matters that were discussed during district court hearings to support what you tell the Court in your brief, you <u>must</u> order a transcript of the hearing and pay the court reporter to prepare the transcript (or file a motion for transcripts at government expense). You must fill out the transcript designation form and include the date of the hearing and the name of the reporter who reported the hearing. A copy of the designation must be sent to the reporter and to the district court, and must be served on opposing

counsel. Forms are available from the district court clerk. You are not required to designate written pleadings or orders that were filed in the originating court unless you are appealing an order issued by the Bankruptcy Appellate Panel or a district court reviewing a bankruptcy court order.

**6. TRANSCRIPTS AT GOVERNMENT EXPENSE**

Having in forma pauperis status in civil appeals does not automatically entitle you to transcripts at government expense, unless you are appealing from the denial of a petition filed pursuant to 28 U.S.C. § 2254 or § 2241. You must first file a motion for transcripts in the district court. If that motion is denied, you can file the same motion in the Ninth Circuit. 28 U.S.C. § 753(f).

You may request transcripts at government expense only for hearings conducted in the district court in the proceeding that generated your appeal; the Court will not authorize payment for production of transcripts of hearings that were held in other courts or other proceedings.

**7. APPOINTMENT OF COUNSEL**

In direct criminal (non-habeas) appeals, if you have in forma pauperis status or can show that you are indigent, you are entitled to appointed counsel so long as you ask that counsel be appointed by filing a "Motion for Appointment of Counsel." Remember to include a Certificate of Service with the motion stating that you served counsel for the opposing party with a copy of the motion.

The Court appoints an attorney (or requests the services of a volunteer attorney) in a very limited number of civil cases. To request that the Court appoint an attorney for you, you should file a motion for the appointment of counsel stating the reasons why you need an attorney and why you cannot afford an attorney.

**8. BRIEFS**

Your brief is the written argument of your case. You will file the first brief, called the Opening Brief. The other side is given a chance to file a brief answering your arguments in an Answering Brief. You will have an opportunity to respond to your opponent's brief in a Reply Brief.

The time schedule order tells you when the Opening Brief is due. Do not file an Opening Brief until you receive a due date from the Court. The Court will dismiss your case if you do not file your brief when it is due. Your briefs are considered filed as of the date you mail them to the Court. Fed. R. App. P. 25(a)(2)(B). (This is not true for any other filing with the Court, unless you are incarcerated or in detention. Fed. R. App. P. 25(c).) Note that briefing in certain appeals may be expedited, giving very short deadlines to both parties. 9th Cir. R. 3-3 (appeals from the denial of preliminary injunctive relief).

In general, briefs should include:

1. Your Ninth Circuit case number.
2. A statement of the facts of your case.
3. What the originating court decided.
4. The issues in your appeal.
5. The legal arguments you wish to present.
6. A statement of what you want this Court to do – reverse or modify the originating court decision, or remand the case back to the originating court – and why.
7. Your signature. All briefs must be signed by each pro se appellant. Fed. R. App. P. 32(d).
8. A Certificate of Service.

Fed. R. App. P. 28 and 32 and 9th Cir. R. 28-1, 28-2, 28-4, 32-1, 32-3 and 32-5 contain the exact requirements for the content and form of a brief.

Because you are appearing without the help of an attorney, you may file the informal brief form included in this package. Using this form means that your opening and reply briefs need not comply with the technical requirements of the Rules. 9th Cir. R. 28-1(c) & 32-5. You may add additional pages to the informal brief form, up to a total of 40 double-spaced pages. If you choose not to use the informal brief form, your briefs must meet **all** of the requirements of the federal rules, and must include a Certificate of Compliance found on the Court's website, www.ca9.uscourts.gov, under *FAQs, Forms and Instructions*. If it does not, we may return it to you for correction, which will delay the decision in your case.

File the **original and 7 copies** of your briefs with the Court. 9th Cir. R. 31-1. You must also send **2 copies** of your brief to counsel for each opposing party.

If you choose to register and submit your brief electronically, do not send any paper copies of the brief to the Court until you are ordered by the Clerk to do so. 9th Cir. R. 31-1. You must also send **2 copies** of your brief to any exempt or un-registered opposing counsel.

**9.     EXTENSIONS OF TIME TO FILE A BRIEF**

If you need an extension of time in which to file your brief, you may request one extension of no more than 14 days by telephone. The telephone numbers for requesting extensions are:

| | |
|---|---|
| Appeals originating from the Central and Southern Districts of California | (626) 229-7261 |
| Appeals originating from Alaska, Idaho, Montana, Oregon and the Eastern and Western Districts of Washington | (206) 224-2210 |
| Appeals originating from all other districts | (415) 355-7853 |

**Once you receive a telephonic extension of time, no further extension of time is available** absent extraordinary circumstances. You must give the other party notice by telephone that you are requesting an extension before you call the Court. 9th Cir. R. 31-2.2(a).

If you need more than a 14-day extension, or have already been granted one or more extensions to file the brief, you must file a written motion for extension of time in which to file your brief. This motion must be filed at least SEVEN calendar days before the due date for your brief. Your motion must meet the requirements of 9th Cir. R. 31-2.2(b).

## 10. FILING MOTIONS

Any motions filed while your appeal is pending must clearly identify the relief you seek and the legal grounds for relief. You must file an original motion with the Court and serve one copy of the motion on each opposing counsel. 9th Cir. R. 27-1. A Certificate of Service must be attached to the original and to each copy.

If you are requesting emergency relief (requesting action by this Court within 21 days), you must first call the Motions Unit of the Court at (415) 355-8020. The attorney on duty will help you figure out the best way to get your motion filed.

If you want to file a motion for reconsideration or clarification of an order, you must do so within 14 days of the order's filing date (or 45 days when it is a civil case and there is a federal participant). 9th Cir. R. 27-10.

## 11. PETITION FOR REHEARING

If your case is decided by a memorandum disposition and you think the Court's final decision on the merits of your case was wrong, you may file a petition for rehearing in the Court **within 14 days of entry of judgment (or 45 days when it is a civil case and there is a federal participant)**. Fed. R. App. P. 35 & 40; 9th Cir. R. 35-1 & 40-1. If you filed an informal opening brief on the form provided with this packet, your petition for rehearing need not comply with the technical form requirements of Fed. R. App. P. 32. 9th Cir. R. 32-5 & 40-1. Do not present any new facts or legal arguments. Instead, explain how the Court may have overlooked arguments or misunderstood the facts of your case.

After the Court either denies your petition for rehearing or issues a new judgment upon rehearing in your case, you may file a petition for a writ of certiorari in the United States Supreme Court. Consult the Supreme Court's Rules before filing your petition for a writ of certiorari. Remember that you must have a legal basis to support your belief that the Court's final decision was incorrect; it is not enough to simply disagree with the outcome.

If you do not file a petition for rehearing in this Court, you may still file a petition for a writ of certiorari directly in the United States Supreme Court.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____     9th Cir. Case No. _____

Appellant,

                                                      Originating Court Case No. _____

       vs.

_____

Appellee(s).

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1.     Jurisdiction

      a.     Timeliness of Appeal:

          (i)     Date of entry of judgment or order of originating court: _____

          (ii)    Date of service of any motion made after judgment (other than for fees and costs): _____

          (iii)   Date of entry of order deciding motion: _____

          (iv)   Date notice of appeal filed: _____

          (v)    For prisoners, date you gave notice of appeal to prison authorities: _____

9th Cir. Case No. _____                                        Page 2

2.   What are the facts of your case?

9th Cir. Case No. _____ Page 3

3. What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

4. State the claim or claims you raised at the originating court.

5. What issues are you raising on appeal? What do you think the originating court did wrong?

9th Cir. Case No. _____ Page 4

6.  Did you present all issues listed in #5 to the originating court?

    _____ If not, why not?
    Yes/No

7.  What law supports these issues on appeal?
    (You may, but need not, refer to cases and statutes.)

9th Cir. Case No. _____ Page 5

8. Do you have any other cases pending in this court?
   If so, give the name and docket number of each case.

9. Have you filed any previous cases which have been decided by this court?
   If so, give the name and docket number of each case.

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?

_____  _____
Name                                                                Signature

_____
_____
_____
Address

_____
Date

## CERTIFICATE OF SERVICE

Case Name: _____ v. _____

9th Cir. Case No.: _____

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the _____
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

_____
Signature
Notary NOT required

| Name | Address | Date Served |
| --- | --- | --- |