IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DAVID STEBBINS**                                                               **APPELLANT**

VS.                            **CASE NO. 12-35082**

**MICROSOFT, INC.**                                                 **APPELLEE**

**MOTION FOR SUMMARY REVERSAL**

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following motion for summary reversal.

Because this is a diversity action, this case cannot create federal precedent unless it goes to the Supreme Court. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). An opinion would therefore offer little in the way of precedent.

But aside from that, there is also the simple fact that the District Court got it plain wrong. In its order denying my motion for reconsideration, the District Court ruled that the case of *MBNA America Bank v. Miles*, 140 Wn. App. 511 (2007) affirmed an untimely challenge to an arbitration award only because "there is indeed an arbitration agreement." The District Court's reasoning is ludicrous, is unsupported by even a brief review of the opinion of the WA Court of Appeals, and is inexplicable by anything other than either 1) the District Court being under Microsoft's thumb, or 2) the District Court ignoring the applicable law and facts because he was personally uncomfortable with the case, and thus looked for whatever excuse he could to throw it out. Whichever of those two is the reason behind the ruling, it should be reversed as being simply ridiculous.

If the *Miles* opinion was, alone, insufficient to show that the precedent is that the three-month time limit imposed by 9 USC § 12 applies even to disputes to the existence of an arbitration agreement altogether, there is also an amicus briefing filed by advocates of Robert

Miles, attempting to convince the WA Supreme Court to review the decision of the WA Court of Appeals – the very decision which sets the precedent in this case. This amicus brief is being enclosed as Exhibit A.

In this amicus brief, the amici clearly explained that the WA Court of Appeals had ruled Robert Miles' petition as time-barred, even though Miles was arguing that he never agreed to arbitrate.

I attempted to draw the District Court's attention to this amicus briefing, but when denying my motion for reconsideration, the District Court failed to even acknowledge it, let alone logically refute it, further proving that the District Court either is under Microsoft's thumb or is substituting his personal dislike for the case in place of the actual merit.

If Microsoft wishes to argue that the precedent should be overturned, they should do that as an appellant, not as an appellee.

Wherefore, premises considered, I respectfully request that the District Court decision be summarily vacated and the case remanded back to the District Court for proceedings consistent with this motion. It is so requested on this 28th day of May, 2011.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**DAVID STEBBINS**                                                                                        **APPELLANT**

VS.                             CASE NO. 12-35082

**MICROSOFT, INC.**                                                                        **APPELLEE**

### CERTIFICATE OF SERVICE

Defense counsel has been served with this document by allowing them to view it on ECF.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com