No. 12-35082

───────────────────────────────

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

───────────────────────────────

DAVID STEBBINS,

Plaintiff-Appellant,

v.

MICROSOFT, INC.,

Defendant-Appellee.

───────────────────────────────

Appeal from the United States District Court
for the Western District of Washington
No. 2:11-cv-1362 JCC

───────────────────────────────

MICROSOFT'S ANSWERING BRIEF

───────────────────────────────

Davis Wright Tremaine LLP
Stephen M. Rummage
John A. Goldmark
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Attorneys for Microsoft Corporation

## CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1, Defendant Microsoft Corporation, erroneously sued as "Microsoft, Inc.," makes the following disclosure:

Microsoft Corporation has no parent corporation, and no publicly held company owns 10% or more of its stock.

i

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  ISSUES PRESENTED FOR REVIEW ............................................................ 1

III. STATEMENT OF THE CASE .......................................................................... 2

    A.   Mr. Stebbins's Allegations. ....................................................................... 2

    B.   The District Court's Rulings. ..................................................................... 4

    C.   Mr. Stebbins's Appeal. .............................................................................. 5

    D.   Mr. Stebbins's Serial Litigation. ............................................................... 6

IV.  SUMMARY OF ARGUMENT ......................................................................... 8

V.   ARGUMENT ...................................................................................................... 8

    A.   The Legal Standard. ................................................................................... 8

    B.   The Court Should Affirm Dismissal. ......................................................... 9

VI.  CONCLUSION ................................................................................................. 13

DWT 19589335v6 0025936-001472

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................8

*First Options v. Kaplan*,
514 U.S. 938 (1995)..................................................................9

*Stebbins v. Google, Inc.*,
2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) ...........6, 11

*Stebbins v. Google, Inc.*,
2011 U.S. Dist. LEXIS 97908 (N.D. Cal. Aug. 31, 2011) ..........11, 12

*Stebbins v. Hannah*,
2011 U.S. Dist. LEXIS 145837 (W.D. Ark. Oct. 7, 2011)..................6

*Stebbins v. Hannah*,
2011 U.S. Dist. LEXIS 146019 (W.D. Ark. Dec. 19, 2011) ...............7

*Stebbins v. Harp & Assocs. Real Estate Servs.*,
2011 U.S. Dist. LEXIS 47532 (W.D. Ark. May 3, 2011) ...................7

*Stebbins v. Net-Arb, Inc.*,
2011 U.S. Dist. LEXIS 47467 (W.D. Ark. May 3, 2011) ...................7

*Stebbins v. Texas*,
2011 U.S. Dist. LEXIS 146248 (N.D. Tex. Oct. 24, 2011)........6, 10, 12

*Stebbins v. Texas*,
2011 U.S. Dist. LEXIS 141817 (N.D. Tex. Dec. 9, 2011)................6, 7

*Stebbins v. Univ. of Ark.*,
No. 10-cv-5125 (W.D. Ark. May 19, 2011) .................................7, 11

*Stebbins v. Wal-Mart Stores Ark., LLC*,
2011 U.S. Dist. LEXIS 43586 (W.D. Ark. Apr. 14, 2011) ............7, 10

DWT 19589335v6 0025936-001472

*Stebbins v. Wal-Mart Stores Ark., LLC*,
    2011 U.S. Dist. LEXIS 43449 (W.D. Ark. Apr. 20, 2011) ...........................7, 10

**STATE CASES**

*Keystone Land & Dev. Co. v. Xerox Corp.*,
    152 Wn.2d 171, 94 P.3d 945 (2004)....................................................................9

*MBNA Am. Bank, NA v. Miles*,
    140 Wn. App. 511, 164 P.3d 514 (2007)...........................................................12

**FEDERAL STATUTES**

9 U.S.C. § 9 ..................................................................................................8, 9, 12

9 U.S.C. § 13 ......................................................................................................12

28 U.S.C. § 1915(e)(2)..........................................................................................8

iv

## I.    INTRODUCTION

Invoking the Federal Arbitration Act ("FAA"), David Stebbins filed a complaint asking the district court to "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00."  Mr. Stebbins claims he is entitled to this $1.5 trillion award against "Microsoft, Inc."—the correct name of the company is Microsoft Corporation—based on three unanswered emails he allegedly sent to a general Microsoft email address.

Mr. Stebbins tried his stunt before.  Indeed, seven courts rejected his efforts to confirm phantom arbitration awards against various defendants, including the State of Texas, the University of Arkansas, Wal-Mart, and Google.  Here, the district court dismissed Mr. Stebbins's complaint as "frivolous" and "wildly untethered" from the law because no arbitration agreement exists, no arbitration took place, and no arbitrator issued an award.

This Court should affirm.  The FAA provides no basis to confirm Mr. Stebbins's nonexistent arbitration awards, from "arbitrations" that never occurred, under arbitration "agreements" the parties never made.

## II.    ISSUES PRESENTED FOR REVIEW

Whether the district court properly dismissed Mr. Stebbins's complaint seeking confirmation of arbitration awards under the FAA where no agreement to arbitrate exists, no arbitration took place, and no arbitrator issued an award?

1

### III.    STATEMENT OF THE CASE

### A.    Mr. Stebbins's Allegations.

On August 15, 2011, Mr. Stebbins filed an unsigned Application to Proceed in Forma Pauperis ("IFP") [ER 39-40],[1] and attached a Motion to Confirm Arbitration Award.  ER 34-38.  On August 19, 2011, Mr. Stebbins filed a complaint, asking the district court to "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00."  ER 21.  Mr. Stebbins claims he subscribes to Microsoft's Xbox LIVE, an online service for users of the Xbox 360 game console.  ER 22.

Mr. Stebbins alleges he amended his Xbox LIVE contract with Microsoft on May 6, 2011, by sending an email "notice" to a Microsoft website with the domain name xbox@engagexbox.com.  ER 21, 26.  The May 6 email contained an attachment purporting to be "a formal modification to a contract between the parties" that would automatically take effect unless Microsoft cancelled Mr. Stebbins's Xbox LIVE subscription.  ER 21, 27.  The May 6 email attachment also contained an arbitration provision and what Mr. Stebbins calls a "Forfeit Victory Clause," stating:

> If I send you an invitation to arbitrate a legal dispute, you must
> accept it within 24 hours of receiving it.…  If you do not accept

---

[1] The Magistrate Judge granted Mr. Stebbins's application for IFP status [ER 20], permitting him to bring this action without paying filing fees and to have the U.S. Marshal execute service of process.

the arbitration invitation within the 24 hour time limit, specified
above, I automatically win the relief requested, without having to
go to arbitration.

ER 27.  The clause states it applies only one way:  "This forfeit victory clause will

not apply vice versa.  If I do not accept an arbitration invitation submitted by you,

you must move in court to compel me to arbitrate."  *Id.*  Mr. Stebbins claims

Microsoft accepted his contract "modification" and the "Forfeit Victory Clause" by

failing to terminate his Xbox LIVE account within 24 hours of receiving his email.

ER 23.

Mr. Stebbins further alleges he sent a second email to

xbox@engagexbox.com on May 18, 2011, inviting Microsoft to arbitrate an

unspecified "contract dispute."  *Id.*  The May 18 email states:  "To avoid losing

automatically, via the forfeit victory clause, please print this out, sign it, scan it,

and email back to me by 5:18PM tomorrow, Tuesday, May 19, 2011."  ER 30.

The May 18 email attaches a "Submission to Dispute Resolution" form, signed by

Mr. Stebbins and stating:  "The Defendants breached a contract against me.  I seek

$500,000,000,000."  ER 31.

In addition, Mr. Stebbins alleges he sent a third email to

xbox@engagexbox.com on May 24, 2011, again inviting Microsoft to arbitrate an

unspecified "contract dispute."  ER 23, 32.  Mr. Stebbins again attached a

3

"Submission to Dispute Resolution" form, this time unsigned, and claiming "$1,000,000,000,000 in damages." ER 33.

According to Mr. Stebbins, because Microsoft did not respond to his email invitations to arbitrate within 24 hours, he "automatically win[s], regardless of the merits of the case, and without us even having to go to arbitration." ER 23. Mr. Stebbins alleges nothing to suggest he had *any* bona fide dispute with Microsoft, much less a dispute of the magnitude claimed. He alleges neither any actual arbitration nor any arbitration award made by any arbitrator.

## B. The District Court's Rulings.

On November 1, 2011, Microsoft moved to dismiss the complaint for failure to state a claim, showing Mr. Stebbins had no basis for relief under the FAA because no agreement to arbitrate exists, no arbitration took place, and no arbitrator issued an award. ER 11-19. On January 13, 2012, the district court granted Microsoft's motion and entered judgment dismissing Mr. Stebbins's complaint with prejudice. ER 7-10. The district court found Mr. Stebbins's claims "devoid of merit," noting that "[h]is complaint is wildly untethered from any valid interpretation of contract and arbitration law and [the] time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly." ER 9. Accordingly, the

district court warned Mr. Stebbins it would "sanction him next time he files a similarly frivolous complaint." ER 10.

On January 26, 2012, Mr. Stebbins filed a motion for reconsideration, claiming the district court committed manifest error by not considering his argument Microsoft was time-barred from defending his lawsuit because it did not move to vacate the nonexistent arbitration awards within 90 days. ER 5-6. On March 2, 2012, the district court denied Mr. Stebbins's motion, explaining his time-bar argument was "irrelevant" because no arbitration agreement existed in the first place. ER 1-2.

### C. Mr. Stebbins's Appeal.

On January 27, 2012, the day after moving for reconsideration, Mr. Stebbins filed a Notice of Appeal. ER 3-4. This Court initially stayed the appeal pending disposition of the motion for reconsideration. Dkt. 2. On February 6, 2012, despite the Court's stay, Mr. Stebbins filed his opening brief. Dkt. 4. On February 21, 2012, Mr. Stebbins attempted to file a "Supplement to Opening Brief" in which he claimed, among other things, that "[t]he district court is under Microsoft's thumb." Dkt. 5-1 at 3. The Clerk promptly rejected Mr. Stebbins's filing, finding his supplemental brief "seriously defective" on various grounds, including because he failed to obtain the Court's permission to file it. Dkt. 5-2 at 1.

5

On March 20, 2012, after the district court denied reconsideration, the Clerk entered an order lifting the stay and allowing Mr. Stebbins's appeal to proceed. Dkt. 9. On May 28, 2012, without seeking leave of Court, Mr. Stebbins filed a "Motion for Summary Reversal," repeating his claim "the District Court [is] under Microsoft's thumb" and launching other attacks on the district judge. Dkt. 15-1.

### D.    Mr. Stebbins's Serial Litigation.

Mr. Stebbins is a serial filer in federal court. In the year-and-a-half before filing this suit, Mr. Stebbins filed seventeen other lawsuits in federal court. ER 14. In seven of those suits, Mr. Stebbins sought to enforce a purported "arbitration award" through the same ploy he attempts here. And each court, like the district court here, flatly rejected Mr. Stebbins's gimmick. *See Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 125701, at *11–12 (N.D. Cal. Oct. 27, 2011) ("Because [Mr. Stebbins] has stated an indisputably meritless legal theory, and because [his] factual contentions are clearly baseless, the Court hereby DENIES [his] motion to confirm arbitration award and DISMISSES, with prejudice, the case for failure to state a claim and as frivolous."); *Stebbins v. Texas*, 2011 U.S. Dist. LEXIS 146248, at *7 (N.D. Tex. Oct. 24, 2011), *adopted by*, 2011 U.S. Dist. LEXIS 141817 (N.D. Tex. Dec. 9, 2011) ("[Mr. Stebbins's] request to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00 has no basis in law or fact."); *Stebbins v. Hannah*, 2011 U.S. Dist. LEXIS 145837 (W.D. Ark. Oct.

6

7, 2011), *adopted by*, 2011 U.S. Dist. LEXIS 146019 (W.D. Ark. Dec. 19, 2011) (dismissing as frivolous Mr. Stebbins's challenge to state court dismissal of his motion to confirm an arbitration award); *Stebbins v. Univ. of Ark.*, No. 10-cv-5125, Order [Dkt. 53], at 5 (W.D. Ark. May 19, 2011) (denying Mr. Stebbins's motion to confirm arbitration award because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place"); *Stebbins v. Net-Arb, Inc.*, 2011 U.S. Dist. LEXIS 47467 (W.D. Ark. May 3, 2011) (dismissing motion to confirm arbitration award with prejudice); *Stebbins v. Harp & Assocs. Real Estate Servs.*, 2011 U.S. Dist. LEXIS 47532 (W.D. Ark. May 3, 2011) (same); *Stebbins v. Wal-Mart Stores Ark., LLC*, 2011 U.S. Dist. LEXIS 43586, at *6 (W.D. Ark. Apr. 14, 2011), *adopted by* 2011 U.S. Dist. LEXIS 43449 (W.D. Ark. Apr. 20, 2011) (denying motion to confirm arbitration award: "The emails from [Mr. Stebbins] are self-serving documents that did not form the basis for any conduct or performance on Wal–Mart's part.").

Like the district court here, those courts all found Mr. Stebbins's stunt a complete waste of judicial resources. In fact, in dismissing Mr. Stebbins's complaint as frivolous, the court in *Texas* certified under the IFP statute (under which Mr. Stebbins proceeds here) that "any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous." 2011 U.S. Dist. LEXIS 141817, at *1 (N.D. Tex. Dec. 9, 2011).

7

## IV.    SUMMARY OF ARGUMENT

A motion to confirm an arbitration award under the FAA requires three things:  (1) an agreement to arbitrate, (2) an arbitration, and (3) an award issued by an arbitrator.  9 U.S.C. § 9.  Mr. Stebbins's complaint fails to state a claim because he cannot allege any of these prerequisites:  i.e., no agreement to arbitrate exists, no arbitration took place, and no arbitrator issued an award.

## V.    ARGUMENT

### A.    The Legal Standard.

Rule 12 exists to weed out undeserving complaints before parties engage in expensive litigation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555 (citations and footnote omitted).  Further, because Mr. Stebbins proceeds in forma pauperis, the court has an independent duty to dismiss the appeal if it finds his case is "frivolous" or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2).

The district court correctly dismissed this action because Mr. Stebbins cannot allege "a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

8

**B.     The Court Should Affirm Dismissal.**

Mr. Stebbins asked the district court to "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00" based on three unanswered emails he purportedly sent to a general Microsoft email address.  Compl. at 1 [Dkt. 2].  His complaint rests on Section 9 of the FAA, which states:  "If the parties in their agreement have ***agreed*** that a judgment of the court shall be entered upon the award made pursuant to ***the arbitration***, … any party to the arbitration may apply to the court so specified for an order confirming ***the award***."  9 U.S.C. § 9 (emphasis added).  Thus, Mr. Stebbins's request to confirm an arbitration award requires three things: (1) an agreement to arbitrate, (2) an arbitration, and (3) an award issued by an arbitrator.  He cannot show any of these prerequisites:

***First***, no agreement to arbitrate exists because Microsoft never agreed to Mr. Stebbins's purported contract amendment and self-serving "forfeit victory clause."  State-law principles of contract formation govern the threshold question of whether a valid agreement to arbitrate exists.  *First Options v. Kaplan*, 514 U.S. 938, 944 (1995) (the court decides "whether the parties agreed to arbitrate a certain matter").  Washington law requires that "the parties must objectively manifest their mutual assent" before they become bound to a purported contract.  *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177–78, 94 P.3d 945 (2004).

9

Mr. Stebbins alleges nothing manifesting Microsoft's assent to his contract "modification." The allegation Microsoft did nothing within 24 hours in response to Mr. Stebbins's emails does not show assent (as he claims) but rather the lack of assent, particularly given that Microsoft neither obtained nor retained any benefit from Mr. Stebbins's "offer." *See Texas*, 2011 U.S. Dist. LEXIS 146248, at *7–8 ("[Mr. Stebbins's] factual assertions that the alleged contract was formed when [he] sent an e-mail to Defendant … describe fantastic or delusional scenarios that are clearly irrational and incredible."); *Wal-Mart*, 2011 U.S. Dist. LEXIS 43586, at *6 ("[t]he e-mails from [Mr. Stebbins] are self-serving documents" that cannot form the basis for acceptance by Wal-Mart).

Further, the two "Submission to Dispute Resolution" forms Mr. Stebbins attaches to his complaint contain nothing to suggest Microsoft agreed to arbitrate his "dispute." The first "Submission to Dispute Resolution" form Mr. Stebbins claims he emailed to Microsoft contains only his signature, while the second has no signature at all; neither contains anything suggesting Microsoft's assent. *See* ER 31, 33. Because Mr. Stebbins does not (and cannot) allege any facts remotely suggesting Microsoft assented to his contract "amendment" or to arbitration, his purported arbitration "agreement" with Microsoft does not exist.

***Second***, setting aside the lack of agreement, no arbitration took place. Here, as in Mr. Stebbins's other cases, "no arbitrator was called, and there was no *actual*

10

arbitration. … Thus, there has been no arbitration proceeding and no award 'made *pursuant* to [an] arbitration.'" *Google*, 2011 U.S. Dist. LEXIS 125701, at *9 (quoting 9 U.S.C. § 9) (emphasis in original); *see also Univ. of Ark.*, No. 10-cv-5125, Dkt. 53 at 5 (denying Mr. Stebbins's motion to confirm award because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place").

In fact, Mr. Stebbins admits no arbitration occurred, claiming instead he "automatically win[s]" $1.5 trillion "without … even having to go to arbitration." ER 23. But as the *Google* court explained:

> It is fundamentally contradictory for [Mr. Stebbins] to assert the existence of an arbitration award on the basis of a contract clause that states that no arbitration proceeding is to take place, and no award need be entered.
>
> [Mr. Stebbins]'s factual contention that there is an arbitration award—i.e., an award pursuant to arbitration and subject to the FAA—is therefore "clearly baseless," frivolous, and subject to dismissal *sua sponte* by this Court.

2011 U.S. Dist. LEXIS 125701, at *11.

*Third*, Mr. Stebbins has no arbitration award to confirm. Because no arbitrator issued an award, Mr. Stebbins's request to confirm two nonexistent awards is frivolous on its face. "There never was an award here, and [Mr. Stebbins's] law suit seeking to collect $500,000,000,000.00 for confirmation of the nonexistent award is frivolous and without merit." *Stebbins v. Google, Inc.*,

11

2011 U.S. Dist. LEXIS 97908, at *3–4 (N.D. Cal. Aug. 31, 2011).  Further, a party seeking to confirm an arbitration award under the FAA must file with the court the award issued by the arbitrator.  9 U.S.C. § 13.  Mr. Stebbins cannot do so—because no award exists.

Rather than address these requirements, Mr. Stebbins argues Microsoft "was time-barred from challenging the arbitration awards on <u>any</u> grounds [sic], even the non-existance [sic] of an arbitration agreement!"  Br. at 2.  According to Mr. Stebbins, because Microsoft did not move to vacate his imaginary arbitration "awards" within the 90 days for such motions under the FAA, he has the right to a judgment for $1.5 trillion.  *Id.* at 2–4 (citing *MBNA Am. Bank, NA v. Miles*, 140 Wn. App. 511, 164 P.3d 514 (2007)).  But Microsoft has no obligation to move to vacate an arbitration "award" that does not exist.  *See* 9 U.S.C. § 9.  In the case on which Mr. Stebbins relies, the court denied an untimely challenge to an arbitration award only because "[a]n arbitration agreement did indeed exist" and the "arbitrator issued an award."  *MBNA Am. Bank*, 140 Wn. App. at 512–13.  This case presents neither circumstance.

In short, Mr. Stebbins "seeks confirmation of an arbitration award that never existed, in a case that was not subject to an arbitration agreement, and where the parties never participated in an arbitration."  *Texas*, 2011 U.S. Dist. LEXIS 146248, at *7.  Accordingly, like every other court to address Mr. Stebbins's ploy,

12

the district court properly dismissed his complaint as "frivolous" and "wildly untethered" from the law.  This Court should affirm.

## VI.    CONCLUSION

For the foregoing reasons, the Court should affirm the district court's order dismissing Mr. Stebbins's complaint.

RESPECTFULLY SUBMITTED this 4th day of June, 2012.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corporation

By  */s/ John A. Goldmark*
    Stephen M. Rummage
    John A. Goldmark
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Tel:   (206) 622-3150
    Fax:  (206) 757-7700

13

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, Microsoft represents that it not aware of any other related cases pending in this Court within the meaning of that Rule.

14

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with the requirements of Circuit Rule 32. The brief is proportionately spaced in Times New Roman 14-point type. According to the word processing system used to prepare the brief, the word count of the brief is 2,792, not including the corporate disclosure statement, table of contents, table of citations, certificate of service, certificate of compliance, statement of related cases, and any addendum containing statutes, rules or regulations required for consideration of the brief.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 4, 2012.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

David Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601


*s/ John A. Goldmark*
John A. Goldmark