IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DAVID STEBBINS**                                                 **APPELLANT**

**VS.**                        **CASE NO. 12-35082**

**MICROSOFT, INC.**                                          **APPELLEE**

## REPLY BRIEFING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following reply to Appellee's briefing. Due to the fact that I am not supposed to raise new issues in the reply briefing, this briefing will be kept short, and due to my *pro se* status, will have a relaxed format.

### Defendants are indeed time-barred.

Defendant gives an absolutely absurd interpretation of the case law of *MBNA America Bank v. Miles*, 140 Wn. App. 511 (2007). Nothing in the opinion even remotely suggests that the court upheld the statute of limitations only because the unilateral amendment to that particular contract was valid. Every single word in the entire opinion makes it abundantly clear that they expressly found the non-existence argument to be irrelevant because of the untimely challenge. The WA Court of Appeals, and I quote, found Miles' argument as to the nonexistence of an arbitration agreement "is time barred and not preserved for appeal." See *id* at 515. Neither the word "only" nor the word "because" appears anywhere in the opinion, so Defendant is either grasping at straws or on crack when they claim that the Court "only" affirmed the superior court "because" of anything.

I am baffled... I am simply astonished, at both how Defendant can interpret such an issue, and how the District Court, without being under Defendant's thumb, could affirm such an interpretation.

If Defendant's interpretation were correct, the WA Court of Appeals would have

elaborated on the existence of the arbitration agreement, explaining how the original contract allowed itself to be unilaterally amended and how Miles had an opportunity to reject the amendment, so his failure to do so constituted his acceptance. However, the Court never mentioned the existence of the arbitration agreement beyond reciting the parties arguments. The sentence which Defendant draws so much attention to can only be found in Paragraph 9 of the opinion, where the Court recites MBNA's arguments. Paragraphs 10, 11, and 12 address their decision, which focused *entirely* on the timeliness of the motion to vacate.

As I mentioned in my Motion for Summary Reversal, I brought up an amicus brief from the same case that flatly stated that the precedent is that the three-month time limit applies even in the face of a challenge to the arbitration agreement. As I pointed out, neither Defendant nor the District Court even so much as acknowledged the existence of that argument, let alone made any attempt whatsoever to refute it.

What's next? Are they going to claim that *Stump v. Sparkman* only upheld judicial immunity because Judge Stump was in fact justified in his actions? That seems like the kid of floodgates that this Court would be opening if it tolerated Defendant's argument[1].

Therefore, not only should the District Court's order be reversed for rejecting my time-barred argument, but it should also be reversed for abusing its discretion in not sanctioning Defendant for frivolous legal arguments. *MBNA v. Miles* clearly states that Defendants are time-barred in this case; the only reason they are arguing otherwise is because they know they would loose if the precedent were followed, and the District Court only sided with them because it is either under their thumb or overwhelmed by the emotion of the case.

If it is the latter, that is still not a reason to manifestly disregard the law. The Courts took a pledge upon taking office to uphold the Constitution and laws of the land, even if they

---

1   To tolerate is not merely to reject, but also to not impose sanctions for violating FRCP 11.

personally disagree with the case. The Court is honor-bound to uphold the precedent, even when that may lead to uncomfortable results. It is called the "Rule of Law," and it has served this country well for centuries. Affirming the District Court would undermine everything that makes this country what it is.

### MBNA v. Miles was not the only argument I rested on.

Even if the *MBNA v. Miles* case is insufficient to establish the law, that is not the only argument I made regarding the time-barred issue. I also drew a vast amount of attention to the Uniform Arbitration Act, providing four reasons for why the UAA should be deferred to, even though the FAA is directly applicable, not the least of which was the doctrine of *in pari materia* (where a statute's interpretation can be assisted by turning to other statutes of the same subject matter). I incorporated that argument by reference in my opening brief, and both in the District Court and in its Appellee Briefing, Defendant never even acknowledged this argument, let alone made any attempt whatsoever to refute it.

To recap my UAA argument, Section 23 thereof provides for an exception to the 90 day time limit when claiming that the award is procured by corruption, fraud, or other undue means, but does *not* provide this same extension for when there is no agreement to arbitrate. Under the maxim of e*xpressio unius est exclusio alterius* ("the express mention of one thing excludes all others"), this means that there is simply no legislative intent to make an exception to the time limit to move to vacate when you deny the existence of an arbitration agreement.

I really do wonder *why* both Defendant and the District Court completely ignored this argument. Are they even *able* to refute it?

### Defendant is straight-up lying when they say I did not address their arguments.

Defendant frivolously claims that I do not address their arguments regarding the lack of

existence of an agreement to arbitrate. This argument is sheer, unadulterated perjury that *should* land them a prison sentence. Document #19 in the District Court (which I incorporated by reference in my Opening Brief) addresses these arguments, and addresses them so thoroughly that Defendant was unable to refute my arguments in their replies and responses to them. Here is a summary of the arguments I posed.

- The party attempting to overturn the arbitration award, not the party attempting to sustain it, holds the burden of proof, and Defendant has claimed a lot, but has proven nothing.
- There is no law requiring a contract to state that it "may" be unilaterally amended. Many contracts that are on an at-will basis are unilaterally amended. A common example is employment contracts, with the employee accepting the amendment by continuing with their employment. In such a case, even if the employment contract is entirely unwritten (and thus, no opportunity for there to *be* a unilateral amendment clause), the unilateral amendment would still be valid. Here, we have a similar at-will contract, and thus, a similar ability to be unilaterally changed. In short, the contract doesn't *have* to state that it *can* be unilaterally amended; it has to state that it *can't* be unilaterally amended.
- Even if the contract did expressly forbid the consumer from unilaterally amending it, it would be against public policy because it would cause the contract to lack mutuality of obligation, allowing Microsoft to pick and choose what provisions it wants to be bound by, and when it wants to no longer be bound by them.
- Their claim that allowing consumers to unilaterally amend contracts would cause business to "screech to a halt" is unsupported by even a basic understanding of how business works, and by juxtaposing business resources to individual resources.
- The arbitrator, not the court, must decide the validity of the forfeit victory clause, because

the forfeit victory clause relates to arbitration procedure, which is decided by the arbitrator.

Defendant never made any attempts, whatsoever, to address these arguments, and they accuse *me* of not addressing the central themes of the case? What hypocrites they are!

### What does my litigation history have to do with anything?

Defendant calls me a "serial filer," but may I ask... what does this have to do with the merits of the instant case? Should not every case be decided on its own, independent merit? They don't even *address* how these lawsuits were frivolous, only that I have filed a large *number* of them. How do they know that each of these do not independently have colorable merit? Does the fact that the Courts in most of those cases *granted* my IFP (and in one case, even denied the Defendant's motion to dismiss) lend nothing to their credibility? Defendant makes me sick. Its argument is merely an attempt at prejudice, since actual *logic* seems to allude them.

### It is Defendant's fault for everything that has happened.

Last but not least, think about this: It is well established nationwide precedent that courts "are most frequently moved to help those who help themselves." See *Karak v. Bursaw Oil Corp.*, 288 F. 3d 15, 22 (1st Cir. 2002). See also *Metro Motors v. Nissan Motor Corp.*, 339 F. 3d 746, 750 (8th Cir. 2003).

On that note, the instant case could have been avoided. This entire case, and the arguments made thereof, could have all been prevented. It is Defendant's own laziness and unobservance[2] that drug them into this mess. If they had been as observant as the common law doctrine of the Reasonable Person expects them to be, noticing the unilateral amendment when they should have, and acted accordingly, none of this would have happened. The Court should, therefore, lack any sympathy or pity for them.

---

2  Unobservance – the state of being unobservant.

**Conclusion**

In conclusion, this Court has seen first-hand the frivolousness of Defendant's arguments. A drowning man will grasp a straw, and these guys will do anything they can to avoid having to actually pay me the money their own stupidity and laziness has cost them. It is their fault for everything that has happened to them; they just don't want to take responsibility for their actions.

Wherefore, premises considered, I respectfully hope that the District Court's decision be reversed, and that the case be remanded with instructions to not only enforce the arbitration award, but also to grant my motions for sanctions.

*David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**DAVID STEBBINS**                                                                      **APPELLANT**

**VS.**                          **CASE NO. 12-35082**

**MICROSOFT, INC.**                                                   **APPELLEE**

## CERTIFICATE OF SERVICE

Defense counsel has been served with this document by allowing them to view it on ECF.

*David S Stebbins* (signature)

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com