No. 12-35082

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

DAVID STEBBINS

Plaintiff-Appellant,

v.

MICROSOFT, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Washington
No. 2:11-cv-1362 JCC

_____

APPELLEE'S EXCERPTS OF RECORD

_____

Davis Wright Tremaine LLP
Stephen M. Rummage
John A. Goldmark
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Tel:   (206) 622-3150
Fax:  (206) 757-7700
Attorneys for Microsoft Corporation

## Index to Excerpts of Record

## Volume I

| Filing Date | Docket No. | Description | Excerpt No. |
|---|---|---|---|
| 03/02/12 | 42 | Order denying Plaintiff's Motion for Reconsideration | 1 - 2 |
| 01/26/12 | 40 | Plaintiff's Notice of Appeal and Motion for IFP Application | 3 - 4 |
| 01/26/12 | 39 | Plaintiff's Motion for Reconsideration | 5 - 6 |
| 01/13/12 | 38 | Judgment Dismissing Case | 7 |
| 01/13/12 | 37 | Order granting Microsoft's Motion to Dismiss | 8 - 10 |
| 11/01/11 | 16 | Microsoft's Motion to Dismiss | 11 - 19 |
| 09/07/11 | 8 | Order granting Plaintiff's Application to Proceed *In Forma Pauperis* | 20 |
| 08/19/11 | 2 | Amended Complaint and Exhibits A-G | 21 - 33 |
| 08/15/11 | 1-1 | Plaintiff's Motion to Confirm Arbitration Award | 34 - 38 |
| 08/15/11 | 1 | Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs | 39 - 40 |
| | | Docket Report | 41 - 45 |

DWT 19639735v1 0025936-001472

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID STEBBINS,

               Plaintiff,

     v.

MICROSOFT INC.,

               Defendant.

CASE NO. C11-1362-JCC

ORDER

This matter comes before the court on Plaintiff's motion for reconsideration. (Dkt. No. 39.) Western District of Washington CR 7(h)(1) provides the standard for motions for reconsideration:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff argues that the Court committed manifest error by not considering his "time-barred" argument. The essence of Plaintiff's "time-barred" argument is that a party who seeks to vacate an arbitration award pursuant to RCW 7.04A.230(1) must do so within 90 days. Plaintiff argues that this time bar applies even to challenges to the existence on an arbitration award. *See MBNA Am. Bank, NA v. Miles*, 164 P.3d 514, 515 (Wash. Ct. App. 2007). Because Microsoft did not move to vacate the award within 90 days, Plaintiff argues, they are time-barred

1    from doing so now.

2            There are two problems with this argument. The first is that the court in Miles confirmed

3    the existence of a valid arbitration agreement before applying the statute. *Id.* ("MBNA responds

4    that the trial court correctly confirmed the arbitration award and added interest charges. An

5    arbitration agreement did indeed exist.") A court is not, contrary to what Plaintiff believes,

6    prohibited from examining the validity of an arbitration agreement. In this case, the Court

7    determined that there was no arbitration agreement (Dkt. No. 37 at 2) and *Miles* is therefore

8    inapposite.

9            The second problem is that Defendant Microsoft is not moving to vacate the award

10   pursuant to RCW 7.04A.320. It is moving to dismiss the motion to enforce pursuant to FRCP

11   12(b)(6) on the grounds that Plaintiff's contract-law arguments are specious. A time bar in RCW

12   7.04A.320 is therefore irrelevant. Plaintiff's motion for reconsideration is DENIED. (Dkt. No.

13   39.)

14           DATED this 2nd day of March 2012.

15

16

17

18

19

20   _____
     John C. Coughenour
21   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

ORDER
PAGE - 2

**ER 002**

United States District Court for the
Western District of Washington

David Stebbins                                    Plaintiff

us.                          Case No. 11-1362

Microsoft Corporation                           Defendant

# NOTICE OF APPEAL AND MOTION FOR IFP APPLICATION

Comes now, pro se Plaintiff David Stebbins, who hereby serves notice of my intent to appeal the decision of the district court.

I would also like to be provided with a 9th Circuit in forma pauperis application, since I cannot get one myself while in jail.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

Certificate of Service

Defendant was provided of a copy of this by allowing them to veiw it on ECF.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

11-CV-01362-APP

David Stebbins
5800 Law Dr.
Harrison, AR 72601

9810140442

U.S. District Court
700 Stewart St,
Suite 2310
Seattle, WA 98101

ER 004

Jce

FILED LODGED RECEIVED MAIL

JAN 26 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

United States District Court for the
Western District of Washington
David Stebbins                                    Plaintiff
vs                         Case No. 11-1362
Microsoft Corporation                    Defendant

# MOTION FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who respectfully submits the following motion for reconsideration ~~as~~ as to the court's dismissal of my case.

I have read the local rules, and I know that motions for reconsideration are not favored. However, this court really did overlook something essential. It overlooked the time-barred argument.

I _knew_ that overlooking that argument would be the only way I could possibly loose the case, and lo and behold, the court, in its per curiam, never even so much as mentioned the time-barred argument, let alone thoroughly rebuked it.

Here is the summary of this argument:

• The case of MBNA ~~of~~ America Bank v. Miles, which binds this court by way of the Erie Doctrine, says that the 3-month time limit to move to vacate an arbitration award applies even in the face of a challenge to the arbitration agreement.

• The Uniform Arbitration Act says the same, and is valid by way of in pari materia.

• It is the public policy of the statute of limitations,

not the policy of arbitration, that justifies this law.

If I may be a tad bit blunt, I think it is rather convenient that the court never even brought the time-barred argument up. I can understand that the case is uncomfortable, given the stakes at hand, but that is no excuse for manifestly disregarding the laws is it?

Wherefore, premises considered, I respectfully pray that the court reverse its previous decision and enter judgment in my favor. It is so requested on this 20th day of January, 2011.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

Certificate of Service

A copy of this motion has been served on the defendant by allowing them to view it on ECF.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID STEBBINS,

                    Plaintiff,

     v.

MICROSOFT INC.,

                    Defendant.

**JUDGMENT IN A CIVIL CASE**

CASE NO. CV11-1362-JCC

☐   **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

   Defendant's motion to dismiss is GRANTED. (Dkt. No. 16.) This case is

DISMISSED with prejudice, and the Clerk is directed to CLOSE the case. Plaintiff's

outstanding motions are DENIED as frivolous. (Dkt. Nos. 18, 19, 22, 24.)

    DATED this 13th day of January 2012.

                          WILLIAM M. MCCOOL
                          Clerk of Court

                          /s/ T. Farrell
                          Deputy Clerk

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID STEBBINS,  )
)  No. C11-1362 JCC
               Plaintiff,  )
)  ORDER
       v.  )
)
MICROSOFT, INC.,  )
)
               Defendant.  )
_____ )

     This matter came before the Court on Defendant Microsoft Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. No. 16), Plaintiff's response (Dkt. No. 21), and Defendant's reply (Dkt. No. 30). Plaintiff has filed a series of additional motions, all generally based on the theory he advances in his complaint—that Microsoft has defaulted on an obligation to him incurred as a result of an arbitration agreement. The Court has considered the Motion and the materials submitted in support of and in opposition to the Motion. The Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. The Court therefore GRANTS the Motion and directs the Clerk to enter judgment dismissing Plaintiff's claims with prejudice.

## I.     BACKGROUND AND DISCUSSION

     Mr. Stebbins' complaint is a lively bit of theater evincing a mind that, if more rigorously applied to legal study, might someday earn fees or results commensurate with his

ORDER (C11-1362 JCC) — 1

**ER 008**

ambitions. He claims that Microsoft Corporation owes him $1.5 trillion because he modified the terms of his Xbox Live contract to include an arbitration clause with a "forfeit victory clause," which stipulated that if Microsoft did not respond to a request for arbitration within twenty-four hours, Mr. Stebbins would "automatically win, regardless of the merits of the case." Mr. Stebbins submitted two arbitration requests for amounts totaling $1.5 trillion, Microsoft did not respond, and Mr. Stebbins sought to enforce the agreement and collect his money. Simple enough.

However, confirming an arbitration award is slightly more complex than Mr. Stebbins imagines. As Microsoft states, such a motion requires (1) an agreement to arbitrate, (2) an arbitration, and (3) an award issued by the arbitrator. *See* 9 U.S.C. § 9 (a party may apply to confirm an arbitration award only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration"). Mr. Stebbins has not established that any of these requirements were met.

Primarily, Mr. Stebbins cannot demonstrate the existence of an agreement. It is true that many companies have contracts with consumers that allow the company to change the terms of the contract without further signed acceptance from the consumer. Before signing these contracts, consumers are given the opportunity to review and reject them. But the converse is not true. Generally, service and sales agreements do not allow a consumer to unilaterally alter the terms of the contract without acceptance from the company. Specifically, Mr. Stebbins has not shown that his Xbox live contract allowed for such an alteration. Accordingly, his claims are devoid of merit.

Mr. Stebbins raises legitimate questions about the disparate negotiating power between some companies and their customers. For that reason, the Court will not sanction him for his frivolous lawsuit. But his use of this forum to raise these questions is not legitimate. His complaint is wildly untethered from any valid interpretation of contract and arbitration law and time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly. For that reason, the

**ER 009**

Court will sanction him next time he files a similarly frivolous complaint.

**II.     CONCLUSION**

      For the foregoing reasons, Defendant's motion to dismiss is GRANTED. (Dkt. No. 16.)
This case is DISMISSED with prejudice, and the Clerk is directed to CLOSE the case.
Plaintiff's outstanding motions are DENIED as frivolous. (Dkt. Nos. 18, 19, 22, 24.)

      DATED this 13th day of January 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**ER 010**

The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

DAVID STEBBINS,  )
                  Plaintiff,  )  No. C11-1362 JCC
     v.  )
                  )  **MICROSOFT'S MOTION**
MICROSOFT, INC.,  )  **TO DISMISS**
               Defendant.  )  ***Note on Motion Calendar:***
                  )  November 25, 2011

## I.     INTRODUCTION

David Stebbins tells the Court it ***must*** "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00." Mr. Stebbins claims he is entitled to this $1.5 trillion award against "Microsoft, Inc." (the correct name of the company is Microsoft Corporation) by virtue of three unanswered emails he purportedly sent to a general Microsoft email address.

The Court should dismiss Mr. Stebbins's frivolous complaint, with prejudice. There was no arbitration between Mr. Stebbins and Microsoft, and thus there is no award to confirm. This lawsuit is similar to the stunts Mr. Stebbins has attempted in other federal courts in which the courts have dismissed—as frivolous—his complaints seeking to confirm purported "arbitration awards." This Court should do the same.

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150·  Fax: (206) 757-7700

ER 011

## II.    FACTUAL BACKGROUND

### A.    Mr. Stebbins's Filings.

On August 15, 2011, Mr. Stebbins filed an unsigned Application to Proceed In Forma Pauperis ("IFP") [Dkt. 1], and attached a Motion to Confirm Arbitration Award [Dkt. 1-1]. Four days later, Mr. Stebbins filed what he styled an "Amended Complaint,"[1] asking this Court to "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00" under the Federal Arbitration Act ("FAA"). Compl. at 1 [Dkt. 2]. Magistrate Judge Theiler issued a minute order on August 24, 2011 [Dkt. 5], directing Mr. Stebbins to fix deficiencies in his IFP application. Judge Theiler subsequently granted Mr. Stebbins's application for IFP status [Dkt. 8], permitting him to bring this action without paying filing fees and to have the U.S. Marshall execute service of process.

On September 12, 2011, Mr. Stebbins filed a Motion for Default [Dkt. 9]. The Clerk of the Court denied the motion, finding Mr. Stebbins failed to serve Microsoft in accordance with Rule 4 and failed to give Microsoft notice of the motion as required by Rule 55(a). Order Denying Default [Dkt. 12]. On September 29, 2011, Mr. Stebbins filed what he called an "Ex Parte Motion for Judgment on the Pleadings" [Dkt. 13], again without serving or otherwise providing notice to Microsoft. The Clerk of the Court denied the motion as "frivolous" and warned Mr. Stebbins: "If Plaintiff continues to file frivolous motions, he will be sanctioned pursuant to FRCP 11." Sept. 30, 2011, Minute Order [Dkt. 14].

### B.    Mr. Stebbins's Allegations.

Mr. Stebbins alleges he subscribes to Microsoft's Xbox LIVE, an online subscription service for users of the Xbox 360 video game console. Compl. at 2. He claims Microsoft owes him $1.5 trillion based on three unanswered emails he sent to a general Xbox email address. *Id.*

Mr. Stebbins first alleges he unilaterally amended his Xbox LIVE contract with Microsoft on May 6, 2001, by sending an email "notice" to xbox@engagexbox.com. *Id.*, Ex. A [Dkt. 2-1]. The May 6 email contained an attachment purporting to be "a formal

---

[1] Since Mr. Stebbins had not yet filed a complaint, the Clerk construed the Amended Complaint as the Complaint.

MOTION TO DISMISS (C11-1362 JCC) — 2
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150·  Fax: (206) 757-7700

ER 012

modification to a contract between the parties" that would automatically take effect unless Microsoft cancelled Mr. Stebbins's Xbox LIVE subscription. *Id.*, Ex. B [Dkt. 2-2]. The May 6 email attachment also contained an arbitration provision and "Forfeit Victory Clause," stating:

> If I send you an invitation to arbitrate a legal dispute, you must accept it within 24 hours of receiving it. ... If you do not accept the arbitration invitation within the 24 hour time limit, specified above, I automatically win the relief requested, without having to go to arbitration.

*Id.* The clause states it applies only one-way: "This forfeit victory clause will not apply vice versa. If I do not accept an arbitration invitation submitted by you, you must move a court to compel me to arbitrate." *Id.* Mr. Stebbins claims Microsoft accepted his "contract" and the "Forfeit Victory Clause" by failing to terminate his Xbox LIVE account. Compl. at 3.

On May 18, 2011, Mr. Stebbins alleges he sent an email to xbox@engagexbox.com inviting Microsoft to arbitrate some unspecified "contract dispute." *Id.* The May 18 email states: "To avoid losing automatically, via the forfeit victory clause, please print this out, sign it, scan it, and email back to me by 5:18PM tomorrow, Tuesday, May 19, 2011." *Id.*, Ex. D [Dkt. 2-4]. The May 13 email attaches a "Submission to Dispute Resolution" form, signed by Mr. Stebbins and stating: "The Defendants breached a contract against me. I seek $500,000,000,000." *Id.*, Ex. F [Dkt. 2-5]. Mr. Stebbins alleges he sent another email to xbox@engagexbox.com on May 24, 2011, again inviting Microsoft to arbitrate an unspecified "contract dispute." *Id.*, Ex. G [Dkt. 2-6]. Mr. Stebbins again attached a "Submission to Dispute Resolution" form, this time unsigned by either party and claiming "$1,000,000,000,000 in damages." *Id.*, Ex. H [Dkt. 2-7].

According to Mr. Stebbins, because Microsoft did not respond to his invitations to arbitrate within 24 hours, he "automatically win[s], regardless of the merits of the case, and without even having to go to arbitration." Compl. at 3. Mr. Stebbins alleges "this court does not have the power to deny confirmation of an arbitration award sua sponte" and "this court is plainly without authority to deny a motion to confirm an arbitration award, unless a motion to vacate or modify the award is present." *Id.* at 1–2.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150·  Fax: (206) 757-7700

ER 013

### C.     Mr. Stebbins's Prior Litigation.

Mr. Stebbins has substantial experience with federal court litigation.  A PACER search shows Mr. Stebbins has filed, over the last year-and-a-half, seventeen lawsuits in federal court.[2] In ten of those suits, the court has dismissed or recommended dismissal of Mr. Stebbins's case.[3] And in each of the six actions where Mr. Stebbins sought to enforce a purported "arbitration award," as he does here, the court flatly rejected his claim.  *See Stebbins v. Texas*, No. 11-cv-2227, R&R [Dkt. 16], at 5 (N.D. Tex. Oct. 24, 2011) ("Plaintiff's request to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00 has no basis in law or fact."); *Stebbins v. Google, Inc*., 2011 U.S. Dist. LEXIS 97908, at *2 (N.D. Cal. Aug. 31, 2011) (dismissing as "frivolous" Mr. Stebbins's motion to confirm arbitration award); *Stebbins v. Univ. of Ark.*, No. 10-cv-5125, Order [Dkt. 53], at 5 (W.D. Ark. May 19, 2011) (denying Mr. Stebbins's motion to confirm arbitration award because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place"); *Stebbins v. NET-ARB, Inc.*, No. 11-cv-3025, Order [Dkt. 6] (W.D. Ark. May 3, 2011) (dismissing with prejudice); *Stebbins v. Harp & Assoc. Real Estate Serv.*, 2011 WL 1660390, at *2 (W.D. Ark. April 15, 2011) (dismissing with prejudice); *Stebbins v. Wal-Mart Stores*, 2011 WL 1519390, at *2 (W.D. Ark. April 14, 2011) (dismissing; "The emails from [Mr. Stebbins] are self-serving documents that did not form the basis for any conduct or performance on Wal–Mart's part.").

---

[2] **(1)** *Stebbins v. Harp & Assoc. Real Estate Serv.*, No. 11-cv-3078 (W.D. Ark. Sept. 9, 2011); **(2)** *Stebbins v. Texas*, No. 11-cv-2227 (N.D. Tex. Aug. 29, 2011); **(3)** *Stebbins v. Microsoft, Inc.*, No. 11-cv-1362 (W.D. Wash. Aug. 15, 2011); **(4)** *Stebbins v. Google, Inc.*, No. 11-cv-3876 (N.D. Cal. Aug. 8, 2011); **(5)** *Stebbins v. Hannah*, No. 11-cv-3058 (W.D. Ark. July 21, 2011); **(6)** *Stebbins v. Legal Aid of Ark.*, No. 11-cv-3057 (W.D. Ark. July 20, 2011); **(7)** *Stebbins v. Kirkpatrick*, No. 11-cv-3042 (W.D. Ark. June 16, 2011); **(8)** *Stebbins v. Harp & Assoc. Real Estate Serv.*, No. 11-cv-3029 (W.D. Ark. April 5, 2011); **(9)** *Stebbins v. NET-ARB, Inc.*, No. 11-cv-3025 (W.D. Ark. March 29, 2011); **(10)** *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-cv-3123 (W.D. Ark. Dec. 17, 2010); **(11)** *Stebbins v. Full Sail Univ.*, No. 10-cv-3090 (W.D. Ark. Sept. 27, 2010); **(12)** *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-cv-3086 (W.D. Ark. Sept. 14, 2010); **(13)** *Stebbins v. Full Sail Univ.*, No. 10-cv-1165 (M.D. Fla. Aug. 4, 2010); **(14)** *Stebbins v. Full Sail Univ.*, No. 10-cv-3072 (W.D. Ark. Aug. 4, 2010); **(15)** *Stebbins v. Randal*, No. 10-cv-3305 (W.D. Mo. Aug. 2, 2010); **(16)** *Stebbins v. Univ. of Ark.*, No. 10-cv-5125 (W.D. Ark. July 12, 2010); and **(17)** *Stebbins v. Mid States Promotions*, No. 10-cv-3041 (W.D. Ark. May 5, 2010).

[3] *Texas*, No. 11-cv-2227, R&R [Dkt. 16]; *Google*, No. 11-cv-3876, R&R [Dkt. 7] & Order [Dkt. 14]; *Hannah*, No. 11-cv-3058, R&R [Dkt. 3]; *Kirkpatrick*, No. 11-cv-3042, R&R [Dkt. 5]; *Harp & Assoc.*, No. 11-cv-3029, Order [Dkt. 6]; *NET-ARB*, No. 11-cv-3025, Order [Dkt. 6]; *Full Sail.*, No. 10-cv-3090, Order [Dkt. 13]; *Wal-Mart*, Nos. 10-cv-3123 & 10-cv-3086, consolidated, R&R [Dkt. 39], Order [Dkt. 41]; *Full Sail*, No. 10-cv-1165, Order [Dkt. 13]; and *Randal*, No. 10-cv-3305, Order [Dkt. 151].

Davis Wright Tremaine LLP
L A W  O F F I C E S
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

**ER 014**

## III.     ARGUMENT

### A.     The Legal Standard.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations and footnote omitted).  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "[S]omething beyond the mere possibility" of a claim "must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557–58 (citations omitted).

Further, because Mr. Stebbins proceeds IFP, the Court has an independent duty to dismiss if it finds his case is "frivolous" or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2).

### B.     The Court Should Dismiss with Prejudice.

Invoking the FAA, Mr. Stebbins alleges this Court must "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00" based on three unanswered emails he purportedly send to a general Microsoft email address.  His complaint has no basis.

Mr. Stebbins recently attempted this same "arbitration" stunt in *Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 97908 (N.D. Cal. Aug. 31, 2011), which the court promptly dismissed.  There, as here, Mr. Stebbins claimed he sent Google an email unilaterally amending their contract to include his "forfeit victory clause," under which he "automatically win[s]" all relief he requests if Google fails to accept an invitation to arbitrate within 24 hours.  *Id.* at *2– 3.  Mr. Stebbins claimed he then sent Google another email with an invitation to arbitrate some unspecified dispute for $500,000,000,000.  *Id.* at *3.  According to Mr. Stebbins, because

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150· Fax: (206) 757-7700

ER 015

Google did not respond within 24 hours, he automatically "won" a $500 billion award.  *Id.* at

*4.  The court did not mince words in dismissing *sua sponte* with prejudice:

> The court finds that this case is frivolous.  Plaintiff attempts to bind this court to
> confirm an arbitration award that never was.  He claims that under 9 U.S.C. § 9,
> the court must grant his motion to confirm and does not have the authority to
> deny the motion *sua sponte*.  Plaintiff fails to note that [9 U.S.C. § 9] is
> premised on the parties having agreed "that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration."  There is no provision
> that allows for confirmation of arbitration where, as in this case, there never was
> an arbitration agreement between the parties and no arbitration ever took place.

*Id.* at *2.  The court held "Plaintiff's law suit seeking to collect $500,000,000,000.00 for

confirmation of the nonexistent award is frivolous and without merit."  *Id.* at *4.

This Court should likewise dismiss Mr. Stebbins's frivolous complaint here:

***First***, Microsoft never agreed to Mr. Stebbins's purported contract amendment and self-

serving "forfeit victory clause."  State-law principles of contract formation govern the threshold

question of whether a valid agreement to arbitrate exists.  *First Options v. Kaplan*, 514 U.S.

938, 944 (1995).  Washington law requires that "the parties must objectively manifest their

mutual assent" before they become bound to a purported contract.  *Keystone Land & Dev. Co.

v. Xerox Corp.*, 152 Wn.2d 171, 177–78, 94 P.3d 945 (2004).  Mr. Stebbins alleges nothing

manifesting Microsoft's assent to his outlandish contract "amendment."  The allegation that

Microsoft did nothing in response to Mr. Stebbins's emails does not show assent (as Mr.

Stebbins claims) but rather the lack of assent, particularly given that Microsoft neither obtained

nor retained any benefit from Mr. Stebbins's "offer."  *See Stebbins v. Wal-Mart*, 2011 WL

1519390, at *2 ("[t]he e-mails from [Mr. Stebbins] are self-serving documents" that cannot

form the basis for acceptance by Wal-Mart).  Further, the two "Submission to Dispute

Resolution" forms attached to Mr. Stebbins's complaint contain nothing to suggest Microsoft's

assent to Mr. Stebbins's unique procedure.  The first "Submission to Dispute Resolution" form

Mr. Stebbins claims he emailed to Microsoft contains only Mr. Stebbins's signature, while the

second has no signature at all; neither contains anything suggesting Microsoft's assent.  *See*

Compl., Exs. F & H [Dkts. 2-5 & 2-7].  Because Mr. Stebbins does not (and cannot) allege any

MOTION TO DISMISS (C11-1362 JCC) — 6
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150·  Fax: (206) 757-7700

ER 016

facts remotely suggesting Microsoft assented to his unilateral contract "amendment" or to arbitration, his purported arbitration "agreement" with Microsoft does not exist.

**Second**, Mr. Stebbins has no basis for relief under the FAA. Mr. Stebbins's complaint rests on Section 9 of the FAA, which states: "If the parties in their agreement have **agreed** that a judgment of the court shall be entered upon the award made pursuant to **the arbitration**, … any party to the arbitration may apply to the court so specified for an order confirming **the award**." 9 U.S.C. § 9 (emphasis added). Setting aside the lack of agreement, Mr. Stebbins's attempt to invoke the FAA also fails because no arbitration took place and no arbitration award exists—both obvious prerequisites to a motion to confirm an arbitration award. *Id.*; *see also Stebbins v. Univ. of Ark.*, No. 10-cv-5125, Order [Dkt. 53], at 5 (W.D. Ark. May 19, 2011) (denying Mr. Stebbins's motion to confirm an award under the FAA because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place"); *Stebbins v. Google*, 2011 U.S. Dist. LEXIS 97908, at *3–4 ("There never was an award here, and [Mr. Stebbins's] law suit seeking to collect $500,000,000,000.00 for confirmation of the nonexistent award is frivolous and without merit."). Further, a party seeking to confirm an arbitration award under the FAA must file with the court the award issued by the arbitrator. 9 U.S.C.§ 13. Mr. Stebbins did not, and cannot, do so because no award exists.

In short, because Microsoft did not agree to arbitrate or submit any dispute to arbitration, no arbitration occurred, no arbitrator issued an award, and the Court has nothing to confirm. Mr. Stebbins has no plausible claim.

## IV. CONCLUSION

The Court should dismiss Mr. Stebbins's complaint with prejudice.

DATED this 1st day of November, 2011.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corporation

By  _/s/ Stephen M. Rummage_
    Stephen M. Rummage, WSBA #11168
By  _/s/ John A. Goldmark_
    John A. Goldmark, WSBA #40980

MOTION TO DISMISS (C11-1362 JCC) — 7
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

ER 017

1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150;
Fax: (206) 757-7700
E-mail:  steverummage@dwt.com
E-mail:  johngoldmark@dwt.com

MOTION TO DISMISS (C11-1362 JCC) — 8
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ER 018

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to *Pro Se* Plaintiff David Stebbins at this e-mail address:  stebbinsd@yahoo.com.

I further certify that I have mailed by United States Postal Service the document to *Pro Se* Plaintiff addressed as follows:

> David Stebbins
> 8527 Hopewell Road
> Harrison, AR  72601

DATED this 1st day of November, 2011.

Davis Wright Tremaine LLP
*Attorneys for Microsoft Corporation*

By <u>s/ John A. Goldmark</u>
John A. Goldmark, WSBA #40980
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
E-mail:  johngoldmark@dwt.com

MOTION TO DISMISS (C11-1362 JCC) — 9
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

ER 019

01

02

03

04

05

06                      UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
07                                AT SEATTLE

08   DAVID STEBBINS,                        )
                                            )   CASE NO. C11-1362-JCC
09            Plaintiff,                     )
                                            )
10        v.                                )
                                            )   ORDER GRANTING APPLICATION
11   MICROSOFT, INC.,                       )   TO PROCEED *IN FORMA PAUPERIS*
                                            )
12            Defendant.                     )
     _____ )

13

14        Plaintiff's application to proceed *in forma pauperis* (IFP) (Dkt. 1) is GRANTED.   The

     Clerk is directed to file plaintiff's complaint (Dkt. 2) without prepayment of fees.   The Clerk is
15
     further directed to send a copy of this Order to plaintiff.
16
          DATED this 7th day of September, 2011.
17

18

19                                                  _____
                                                    Mary Alice Theiler
                                                    United States Magistrate Judge
20

21

22

                                                                              **ER 020**

     ORDER
     PAGE -1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID STEBBINS                                              PLAINTIFF

VS.                              CASE NO 11-1362

MICROSOFT, INC.                                          DEFENDANTS

### AMENDED COMPLAINT

Comes now, pro se Plaintiff David Stebbins, who respectfully submits the following

amended pleading, which I am entitled to do once as a matter of course, pursuant to Fed. R. Civ. P.

Rule 15(a)(1).

I respectfully submit the following motion to confirm two arbitration awards in the

collective amount of $1,500,000,000,000.00.

Before I continue, allow me to point out that this court does not have the power to deny

confirmation of an arbitration award sua sponte.  9 U.S.C. § 9 states that a court unequivocally *must*

grant a motion to confirm an arbitration award, unless it is first vacated or modified as prescribed by

§§ 10 and 11.  There is nothing malleable about "must grant," and § 9 carries no hint of flexibility in

this regard.  *See Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

9 U.S.C. § 10 states that a court can vacate an arbitration award "upon application of any

party to the arbitration."  It does not give the courts authority to vacate an arbitration award on its

own motion.  Because *Hall Street* compels a reading of §§ 10 and 11 as exclusive, that means that a

court cannot infer *sua sponte* authority that is not written into the plain text of the statute.

See *George v. Ospalik*, 299 Ill. App. 3d 888 (3rd Dist. 1998), where the Illinois Court of

Appeals reversed a trial court's sua sponte confirmation of an arbitration award, for no other reason

than, there is no law *giving* the court any *sua sponte* authority in that respect.  Remember, laws are

libertarian by default; a court can only exercise powers that are expressly given to it by an Act of

Congress.  If the statute does not authorize something, then it may as well be expressly prohibited.

**ER 021**

Another way to look at this is to look at vacation of an arbitration award as an affirmative defense. Like any other affirmative defense, a court cannot raise it *sua sponte* unless it pertains to a lack of the court's jurisdiction, even if the defense is plainly obvious to the court. See Fed. R. Civ. P. Rule 8(c)(1), "In responding to a pleading, a party *must affirmatively* state any avoidance or affirmative defense."

Therefore, this court is plainly without authority to deny a motion to confirm an arbitration award, unless a motion to vacate or modify the award is present. In fact, absent a motion to vacate or modify, confirmation of an arbitration award should be a purely ministerial act. It should be no more the judge's discretion whether or not to grant an unopposed motion to confirm an arbitration award than it is within a clerk's discretion to docket that motion.

Now that I have gotten that issue out of the way, I will now address the merits of the case:

**Facts**

I hereby make the following assertions of fact:

1. I have a contract with the Defendants for the use of one of their services called Xbox Live, an online video game service for the Xbox 360 video game console.

2. On May 6, 2011, I sent a notice to the Defendants, via email. See Exhibit A.

3. As you can see from Exhibit B, the notice contained the following pertinent information:

   (a) I was modifying the terms of the Xbox Live contract.

   (b) The changes would take effect in ten days.

   (c) If the Defendants did not wish to accept these new terms, they must terminate my Xbox Live account within ten days. This is a perfectly valid method of contract acceptance, for reasons that I will explain in a minute.

   (d) We must refer all legal disputes between us, even those that are not related to this contract, to binding arbitration, using the services of either the American Arbitration

**ER 022**

Association, the National Arbitration Forum, or www.net-arb.com.

(e) They only have 24 hours to respond to the invitation to arbitrate, rather than 30 days.

(f) A "forfeit victory clause," as I like to call it, that states that, in the event that they do not respond within 24 hours, I automatically win, regardless of the merits of the case, and without us even having to go to arbitration. In this case, the invitation to arbitrate, which was ignored by the Defendants, stands in for the arbitration award, as required by 9 U.S.C. § 13(b).

4. As you can see, everything below those terms is censored, as the arbitrator must decide the validity of all of those provisions.

5. As you may have guessed, the Defendants have not terminated my Xbox Live account. In fact, even to this day, I can still log onto my account. See Exhibit C (I need an Xbox 360 and a TV to play video games using the Xbox Live service, but I can still check various statistics and modify certain portions of the account using a regular computer).

6. On May 18, 2011, two days after the new amendment to the Xbox Live contract took effect, I sent an invitation to arbitrate to the Defendants. See Exhibit D.

7. The arbitration, in that case, called for $500,000,000,000.00 in damages. See Exhibit E.

8. As you may have guessed, the invitation to arbitrate was completely ignored. If the Defendants disagree with this, they may state so in their response to this motion.

9. On May 24, 2011, I sent the Defendants *another* invitation to arbitrate. See Exhibit F.

10. This arbitration called for $1,000,000,000,000.00 in damages. See Exhibit F.

11. As you may have guessed, the Defendants have also completely ignored this arbitration, as well. If the Defendants disagree with this, they may state so in their response to this motion.

**Law**

I hereby make the following arguments of law:

ER 023

1. The contract amendment was validly entered into. This is a common method of changing a contract. For example, employers will often post notices on bulletin boards, changing the terms of employment. If the employees do not wish to accept the new terms, they must resign from the company within some time frame, such as fourteen days. This is a perfectly valid way of accepting a contract. It does not matter whether or not the employees actually *saw* the notice; what matters is that it was *there*.

2. Other examples of this sort of thing happening include, but are not limited to, the following:

   (a) Landlords posting notices of changes to an apartment lease agreement on tenants' doors, and tenants accept these new changes by not vacating the apartment.

   (b) Websites changing their terms of service for account-holders, and the account-holders accept the new terms by continuing to use the website.

   (c) Credit card companies sending unilateral amendments to the credit card debtors, and the debtors accept these new terms by making charges to the credit card after the changes take effect.

3. Not only are these sort of contractual amendments perfectly legally valid, but it is quite common for these unilateral amendments to possess arbitration clauses that were absent from the original contract.

4. This case is novel in only one way: Role reversal. Instead of the company doing this to the individual, it is the individual doing it to the company. However, I never saw any law that said that this method of changing a contract *can't* work in a role reversal context.

5. The enforceability of the forfeit victory clause must be decided by the arbitrator, as this effectively amounts to a change in arbitration procedure, which must be decided by the arbitrator.

6. If the Defendants do not wish to file an arbitration against me to determine the validity of

the forfeit victory clause, then I am entitled to have both arbitration awards – in the collective amount of $1,500,000,000,000.00 – confirmed in a ministerial fashion.

Wherefore, premises considered, I respectfully pray that you confirm both arbitration awards, award costs incurred, and other relief that the court finds appropriate.  It is so requested on this 19th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of my amended complaint (excluding exhibits, as they can still view them on Pacer without too much trouble, but to print these out for them would put my printer under undue strain) was served on the Defendants by mailing a copy to 1 Microsoft Way, Redmond, WA 98052, on the 20th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

This is a formal modification to a contract between the parties of David A. Stebbins from Harrison, AR, and the company of Microsoft, Inc. I currently have an Xbox Live silver membership with you, and my gamertag is davidstebbins. I am hereby amending the terms of the Xbox Live subscription. These amendments will take effect on May 16, 2011. If you disagree with these terms, you must terminate my Xbox Live membership.

### ARBITRATION AGREEMENT

YOU HEREBY AGREE TO SETTLE ALL LEGAL DISPUTES WITH ME, EVEN THOSE NOT RELATED TO THIS CONTRACT, OR ANY CONTRACT, TO BINDING ARBITRATION, USING THE SERVICES OF EITHER WWW.NET-ARB.COM, THE AMERICAN ARBITRATION ASSOCIATION, OR THE NATIONAL ARBITRATION FORUM. WHOEVER FILES THE CLAIM SHALL HAVE THE AUTONOMOUS RIGHT TO CHOOSE WHICH ARBITRATION FIRM IS USED. IN ALL CASES, IT MUST BE DECIDED BY A SINGLE ARBITRATOR. THE AWARD (OR FORFEIT VICTORY, AS EXPLAINED BELOW) MAY BE ENTERED IN A COURT OF OTEHRWISE COMPETENT JURISDICTION IN A DISTRICT WHERE EITHER OF THE PARTIES RESIDE.

WE MAY ONLY GO TO COURT TO CONFIRM AN ARBITRATION AWARD, OR FOR YOU TO COMPEL ME TO ARBITRATE. IF YOU WANT TO COMPEL ME TO ARBITRATE, YOU MUST DO SO IN A COURT OF COMPETENT JURISDICTION IN WHICH I RESIDE AT THE TIME THE DISPUTE ARISES.

IF I AM UNABLE TO PAY FOR THE ARBITRATION, YOU MUST PAY IT FOR ME. THE WINNER WILL HAVE ALL OF HIS COSTS REIMBURSED, INCLUDING ATTORNEYS FEES.

### Forfeit Victory Clause

If I send you an invitation to arbitrate a legal dispute, you must accept it within 24 hours of receiving it. If you receive it via an instantaneous transmission, such as fax or email, I must have it back within 24 hours after I send it. If I send it to you via a slower method, such as the Post Office, you must sign it and return it to me, along with your share of the fees, within 24 hours after you receive it. For example, if you receive it in the mail, you must have the signed arbitration submission form in the mail by the time the mail runs in your area, the next day.

If you do not accept the arbitration invitation within the 24 hour time limit, specified above, I automatically win the relief requested, without having to go to arbitration.

This forfeit victory clause will not apply vice versa. If I do not accept an arbitration invitation submitted by you, you must move in court to compel me to arbitrate.



**ER 027**

Case 2:11-cv-01362-JCC Document 2-2 Filed 08/19/11 Page 2 of 2





**AAA invitation.** 📎 1

FROM: David Stebbins

TO: xbox@engage.xbox.com +

Wednesday, May 18, 2011 5:17 PM

Here,

To avoid loosing automatically, via the forfeit victory clause, please print this out, sign it, scan it, and email it back to me by 5:18PM tomorrow, Thursday, May 19, 2011.

Thank you.

Sincerely,
David Stebbins

📎 1 Attached files | 1014KB



Submission I

Download

ER 030

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you    **SUBMISSION TO DISPUTE RESOLUTION**
would like to file this case online.
AAA Customer Service can be reached at 800-778-7879

The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association.

### To be completed and signed by all parties (attach additional sheets if necessary).

Rules Selected: ☒Commercial  ☐Construction  ☐Employment  ☐Other (please specify) _____

Procedure Selected: ☒Binding Arbitration  ☐Mediation  ☐Other (please specify)_____.

NATURE OF DISPUTE:
The Defendants breached a contract against me. I seek $500,000,000,000 in damages

Dollar Amount of Claim $ 500,000,000,000.00

Other Relief Sought:  ☐Attorneys Fees    ☐Interest
☐Arbitration Costs  ☐Punitive/ Exemplary  ☒Other all of the above

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
An arbitrator familiar with contract law.

Amount Enclosed $ 65,000.00    In accordance with Fee Schedule: ☐Flexible Fee Schedule  ☒Standard Fee Schedule

HEARING LOCALE REQUESTED: Seattle, WA

Estimated time needed for hearings overall:
_____ hours or ___1.00___ days

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

| Name of Party | Name of Party |
|---|---|
| David A. Stebbins | Microsoft, Inc. |
| Address: | Address: |
| 1407 N Spring Rd, | 1 Microsoft Way |
| APT #5 | |

| City: | State | Zip Code | City: | State | Zip Code |
|---|---|---|---|---|---|
| Harrison | AR | 72601 | Redmond | WA | 98052 |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|
| 870-204-6024 | | (425) 882-8080 | |

| Email Address: | Email Address: |
|---|---|
| stebbinsd@yahoo.com | xbox@engage.xbox.com |

| Signature (required) *David Stebbins* | Date: May 18, 2011 | Signature (required): | Date: |
|---|---|---|---|

| Name of Representative: | Name of Representative: |
|---|---|
| not applicable | |

| Name of Firm (if applicable) | Name of Firm (if applicable) |
|---|---|
| not applicable | |

| Address (to be used in connection with this case) | Address (to be used in connection with this case) |
|---|---|
| 1407 N Spring Rd, APT #5 | |

| City: | State | Zip Code | City: | State | Zip Code |
|---|---|---|---|---|---|
| Harrison | AR | 72601 | | | |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|
| 870-204-6024 | | | |

| Email Address: | Email Address: |
|---|---|
| stebbinsd@yahoo.com | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

**ER 031**

AAA Invitation

FROM: David Stebbins

Tuesday, May 24, 2011 4:13 PM

TO: xbox@engage.xbox.com

Here,

To avoid loosing automatically, via the forfeit victory clause, please print this out, sign it, scan it, and email it back to me by 5:18PM tomorrow, Thursday, May 19, 2011.

Thank you.

Sincerely,
David Stebbins

1 Attached files | 128KB

Microsoft Arbi

ER 032

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you
would like to file this case online.
AAA Customer Service can be reached at 800-778-7879

**SUBMISSION TO DISPUTE RESOLUTION**

| The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association. |
| --- |

**To be completed and signed by all parties (attach additional sheets if necessary).**

Rules Selected: ☐Commercial  ☐Construction  ☐Employment  ☒Other (please specify) _____

Procedure Selected: ☒Binding Arbitration  ☐Mediation  ☐Other (please specify)_____.

NATURE OF DISPUTE:
The Defendants breached a contract against me. I seek $1,000,000,000,000 in damages.

Dollar Amount of Claim  $

Other Relief Sought:  Attorneys Fees  Interest

☒Arbitration Costs  Punitive/ Exemplary  Other _____

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Someone who is fluent in contract law.

Amount Enclosed $ 65,000.00 _____  In accordance with Fee Schedule: ☒Flexible Fee Schedule  Standard Fee Schedule

HEARING LOCALE REQUESTED: Seattle, WA _____

Estimated time needed for hearings overall:

_____ hours  or  ____0.00____ days

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

| Name of Party | | | Name of Party | | |
| --- | --- | --- | --- | --- | --- |
| David A. Stebbins | | | Microsoft, Inc. | | |
| Address: | | | Address: | | |
| 1407 N Spring Rd, | | | 1 Microsoft Way | | |
| APT #5 | | | | | |
| City: | State | Zip Code | City: | State | Zip Code |
| Harrison | AR | 72601 | Redmond | WA | 98052 |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 870-204-6024 | | | 425-882-8080 | | |
| Email Address: | | | Email Address: | | |
| stebbinsd@yahoo.com | | | xbox@engage.xbox.com | | |
| Signature (required): | | Date: May 24, 2011 | Signature (required): | | Date: |
| Name of Representative: | | | Name of Representative: | | |
| not applicable | | | | | |
| Name of Firm (if applicable) | | | Name of Firm (if applicable) | | |
| not applicable | | | | | |
| Address (to be used in connection with this case) | | | Address (to be used in connection with this case) | | |
| 1407 N Spring Rd, APT #5 | | | | | |
| City: | State | Zip Code | City: | State | Zip Code |
| Harrison | AR | 72601 | | | |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 870-204-6024 | | | | | |
| Email Address: | | | Email Address: | | |
| stebbinsd@yahoo.com | | | | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

**ER 033**

FILED
LODGED
RECEIVED
MAIL

AUG 15 2011

CLERK U.S. DISTRICT COURT AT SEATTLE
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

DAVID STEBBINS                                                              **PLAINTIFF**

VS.                                    CASE NO: **C11-1362** _JCC_

MICROSOFT, INC.                                                          **DEFENDANTS**

<u>**MOTION TO CONFIRM ARBITRATION AWARD**</u>

Comes now, _pro se_ Plaintiff David Stebbins, who hereby submits the following motion to

confirm an arbitration award against Microsoft, Inc., headquartered at 1 Microsoft Way in

Redmond, WA 98052. The award is in the amount of $500,000,000,000.00.

Before I continue, allow me to point out that this court does not have the authority to

deny this motion to confirm an arbitration award _sua sponte_. Under 9 U.S.C. § 9, the court

unequivocally _must_ grant a motion to confirm an arbitration award unless it is first vacated or

modified as prescribed by §§ 10 and 11. There is nothing malleable about "must grant," and § 9

carries no hint of flexibility in this regard. See _Hall Street Associates, L.L.C. v. Mattel, Inc._, 552

U.S. 576 (2008).

9 U.S.C. § 10 states that a court can vacate an arbitration award "upon application of any

party to the arbitration." It does not give the courts the authority to vacate an arbitration award

"on its own motion." Because _Hall Street_ compares a reading of §§ 10 and 11 and exclusive,

that means that there is no sua sponte authority to deny confirmation of an arbitration award.

Another way to look at this is that vacation of an arbitration award is an affirmative

defense to its confirmation, not something the lack of which the proponents of the arbitration

must prove.

Just like any other affirmative defense, it is waived if it is not asserted. See Fed. R. Civ.



**ER 034**

**11-CV-01362-CMP**

P. Rule 8(b)(6) ("An allegation... is admitted if a responsive pleading is required and the

allegation is not denied."). See also Fed. R. Civ. P. Rule 8(c)(1), "In responding to a pleading, a

party *must affirmatively* state any avoidance or affirmative defense."

Therefore, this court cannot raise affirmative defenses sua sponte, unless they pertain to a

lack of this court's jurisdiction. The Respondents in this case must assert their own defenses, and

if they all fail, then their defense must fail, altogether, even if the court plainly sees another

defense. In fact, absent a motion to vacate or modify an arbitration award, confirmation of an

arbitration award should be a purely ministerial act. It should be no more the judge's discretion

whether or not to confirm an award, until a motion to vacate or modify the same is present, than

it is a court clerk's discretion to *docket* that motion. In fact, absent a motion to vacate or modify

the award, confirmation of arbitration award can be accomplished entirely over the Internet,

using a completely computer-automated system, without any of the respondents' rights being

prejudiced; if the respondent does not agree with the confirmation of the arbitration award, they

can move to vacate or modify it, simple as that.

Now that I have gotten that out of the way, allow me to continue with the merits of the

case.

I have a contract with Microsoft for the use of Xbox Live services, an online video

gaming service for their Xbox 360 video game console. On May 6, 2011, I submitted a notice to

the Defendants showing that I was unilaterally amending the terms of service, and that these

amendments would take effect within ten days, on May 16, 2011. If they did not wish to accept

the new contract, they must terminate my Xbox Live membership.

It is at this point that I should point out that I will not be presenting any exhibits in paper

format. To do so would put an undue strain on my printer. If it is not too much of an

**ER 035**

inconvenience, I wish to simply provide a link to a webpage. This webpage will feature a video where I show all of the facts which I assert in this motion. Where appropriate, I will point to the exact second in the video where you can see the proof that I am providing. For the purposes of this motion, this video will be referred to as simply "the evidence video."

Here is the link to the evidence video:

http://www.youtube.com/watch?v=-l2aAPSjsII

As you can see at the beginning of the evidence video, this unilateral amendment including, among other things, the following provisions:

1. We agree to refer *all* legal disputes between us – even those not related to this contract – to binding arbitration, using the services of either the American Arbitration Association, the National Arbitration Forum, or www.net-arb.com.

2. A "forfeit victory clause," as I like to call it, that states that, if I send them an invitation to arbitrate a dispute, and they do not accept the invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the controversy, and without even having to go to arbitration.

As you might have guessed, the Defendants did not terminate my Xbox Live membership within the ten day time limit. In fact, to this day, they still have yet to terminate it, as I can still log onto my Xbox Live account on a PC, as you can see at 28 seconds into the evidence video. I need an Xbox 360 and a TV to play games using the Xbox Live service, but I can still view various statistics and modify certain things about my account using a PC.

Therefore, they have accepted the new contract.

This is a common and well-established method of changing a contract. For example, an employer will often post a notice on a bulletin board, announcing a change to the terms of

**ER 036**

employment, which will take effect in two weeks time, and if the employees do not resign within that time limit, they will become bound by these new terms. It does not matter whether or not the employees ever saw the notice; what matters is that it was *there*.

This is widespread in many types of contracts, especially those that, like employment, are at-will and can be terminated at any time by either party. Other examples of this happening commonly include, but are not limited to, landlords changing the terms of tenants' lease agreement, and tenants accept the new term by not vacating the apartment, websites changing their terms of service, and consumers accept these new terms by continuing to use the website, and credit card companies modifying the credit card contract, and debtors accept the new terms by making charges on the credit card after the terms take effect.

Furthermore, not only is this a common method of accepting a contract, but it is also quite common for these unilateral amendments to include arbitration provisions.

*This* case, which I am bringing right now, is only novel in one issue: Role reversal. Instead of the business doing this to the consumer, the consumer is doing it to the business. That is the only difference between this case and the many others that we often take for granted, nothing more.

Therefore, the contractual amendment is valid, plain and simple. Of course, remember that, if this court disagrees, they are not at liberty to raise this issue, themselves, as vacation of an arbitration award cannot be done *sua sponte*, as I have previously stated.

That being said, on May 18, 2011, I submitted an invitation to arbitrate a legal dispute to the Defendants and demanded $500,000,000,000.00 in damages, as you can see at 41 seconds into the evidence video.

As you probably guessed, the Defendants did not accept the invitation to arbitrate within

**ER 037**

24 hours of receiving it. Therefore, I automatically won on May 19, 2011, per the forfeit victory clause.

Wherefore, premises considered, I respectfully pray that the arbitration award against Microsoft, Inc. in the amount of $500,000,000,000.00 be confirmed, and all costs incurred be awarded. It is so requested on this 8th day of August, 2011.

*David Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify under penalty of perjury that a true and correct copy of my motion to confirm an arbitration award was served on the defendants by mailing a copy thereof to 1 Microsoft Way, Redmond, WA 98052 on the 8th day of August, 2011.

This is a legally valid service, in this case. 9 U.S.C. § 9 states that, as long as the adverse party is a resident of the state in which the award was obtained (which, as you can see from the evidence video, was supposed to be in Seattle), then I may serve the adverse party with a motion to confirm the arbitration award in a like manner to other motions. If the adverse party lives elsewhere, *then* I must serve them in a like manner of serving process. Therefore, this service is legally valid under Fed. R. Civ. P. Rule 5(b)(2)(C).

*David Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

ER 038

AO 240  (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| David Stebbins | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. **C11-1362** *Jcc* |
| Microsoft, Inc. | ) |
| *Defendant* | ) |

### APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:
n/a

My gross pay or wages are:  $ _____ 0.00 , and my take-home pay or wages are:  $ _____ 0.00  per

*(specify pay period)* _____ n/a _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ☑ Yes | ☐ No |
| (e) Gifts, or inheritances | ☐ Yes | ☑ No |
| (f) Any other sources | ☐ Yes | ☑ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*
I receive $674 in monthly SSI income.

_____ FILED
_____ LODGED
_____ RECEIVED   **MAIL**

AUG 15 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                               DEPUTY



**11-CV-01362-IFP**

**ER 039**

AO 240 (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ <u>504.54</u>.

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
No noteworthy assets

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
Housing: $200
Phone: $30
Student loans: $30

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
no dependants

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
$44,000 in student loans.
$1,000 in credit card debts.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: <u>08/08/2011</u>

_____
*Applicant's signature*

David Stebbins
*Printed name*

**ER 040**

APPEAL, CLOSED

# U.S. District Court
## United States District Court for the Western District of Washington (Seattle)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01362-JCC

Stebbins v. Microsoft Inc            Date Filed: 08/15/2011
Assigned to: Judge John C Coughenour     Date Terminated: 01/13/2012
Cause: 28:1332 Diversity           Jury Demand: None
                                 Nature of Suit: 190 Contract: Other
                                 Jurisdiction: Diversity

**Plaintiff**

**David Stebbins**        represented by **David Stebbins**
                                         5800 LAW DRIVE
                                         HARRISON, AR 72601
                                         870-204-6024
                                         PRO SE

V.

**Defendant**

**Microsoft Inc**        represented by **John Goldmark**
                                         DAVIS WRIGHT TREMAINE (SEA)
                                         1201 THIRD AVENUE STE 2200
                                         SEATTLE, WA 98101-3045
                                         206-757-8068
                                         Email: johngoldmark@dwt.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Stephen M. Rummage**
                                         DAVIS WRIGHT TREMAINE (SEA)
                                         1201 THIRD AVENUE STE 2200
                                         SEATTLE, WA 98101-3045
                                         206-622-3150
                                         Email: steverummage@dwt.com
                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/15/2011 | 1 | MOTION for Leave to Proceed in forma pauperis, filed by David Stebbins. (Attachments: # 1 Motion to Confirm Arbitration Award, # 2 Civil Cover Sheet)(RE) (Entered: 08/19/2011) |
| 08/19/2011 | 2 | ~~Proposed AMENDED~~ COMPLAINT against defendant Microsoft, Inc., filed by David Stebbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Stebbins, David) Modified on 8/22/2011 to make document a Proposed Complaint, as IFP has |

**ER 041**

|  |  |  |
|---|---|---|
|  |  | not yet been granted and this complaint is pltf's first complaint. (TF) Modified on 9/7/2011 (TF). (Entered: 08/19/2011) |
| 08/22/2011 | 3 | MINUTE ENTRY re: STATUS CONFERENCE. The attorney who will be responsible for trying the case should attend the conference and be prepared to discuss the following matters at the conference: **1.** The nature of the case; **2.** The status of matters which are presently set before the Court, e.g., hearings, motions, etc.; **3.** The status of discovery and a time schedule for its completion; **4.** A statement of any legal issues about which motions are contemplated and a possible briefing schedule; **5.** An estimate of the number of days needed for trial; **6.** Whether the case is jury or non-jury; **7.** The date by which the case will be ready for trial; **8.** Settlement probabilities; and **9.** Whether the parties consent to proceed to trial before an assigned magistrate judge pursuant to 28 U.S.C. 636(c). Pro se parties are required to appear at the Status Conference. If counsel's office is outside of the Greater Metropolitan Seattle area, arrangements may be made to participate telephonically in the conference by contacting the Courtroom Deputy Clerk at (206) 370-8805 no less than ONE WEEK prior to the proceeding. COUNSEL FOR THE PLAINTIFF IS DIRECTED TO NOTIFY ALL PARTIES OF THE DATE AND TIME OF THE SCHEDULED STATUS CONFERENCE. A Status Conference is set on TUESDAY, DECEMBER 13, 2011 at 9:00 AM in Courtroom 16206 before United States District Judge John C. Coughenour. (PP) (Entered: 08/22/2011) |
| 08/22/2011 | 4 | ORDER REGARDING DISCOVERY AND DEPOSITIONS by United States District Judge John C. Coughenour. (PP) (Entered: 08/22/2011) |
| 08/24/2011 | 5 | MINUTE ORDER by Hon. Mary Alice Theiler, United States Magistrate Judge; Pltf's 1 MOTION for Leave to Proceed in forma pauperis is DEFICIENT. Pltf is directed to complete and return a Written Consent for Payment of Costs form within 20 days of the date of this Minute Order. (TF) cc: clerk sent pltf D Stebbins a copy of this Minute Order and the Court's standard form. (Entered: 08/24/2011) |
| 08/24/2011 | 6 | ~~PETITION~~ Court construes document as WRITTEN CONSENT FOR PAYMENT FROM ANY RECOVERY UNDER LOCAL RULE CR3(b), filed by David Stebbins.(Stebbins, David) Modified on 8/24/2011 (TF). (Entered: 08/24/2011) |
| 08/31/2011 | 7 | SURREPLY filed by Plaintiff David Stebbins re 1 MOTION for Leave to Proceed in forma pauperis *motion to confirm arbitration award* (Attachments: # 1 Exhibit A)(Stebbins, David) (Entered: 08/31/2011) |
| 09/07/2011 | 8 | ORDER Granting Pltf's 1 Application to Proceed in forma pauperis by Hon. Mary Alice Theiler; The Clerk is directed to file pltf's complaint. (TF) cc: D Stebbins (Entered: 09/07/2011) |
| 09/12/2011 | 9 | MOTION for Default *as to Microsoft, Inc.* by Plaintiff David Stebbins. Noting Date 9/13/2011, (Stebbins, David) (Entered: 09/12/2011) |
| 09/15/2011 | 10 | NOTICE of Change of Address Filed by Plaintiff David Stebbins. (Stebbins, David) (Docket updated/cl) (Entered: 09/15/2011) |

**ER 042**

| 09/20/2011 | 11 | MOTION for Order *directing service by Marshal* by Plaintiff David Stebbins. Noting Date 9/20/2011, (Stebbins, David) (Entered: 09/20/2011) |
| 09/20/2011 | 12 | ORDER denying Plaintiff David Stebbins Motion for Default 9 filed against Defendant Microsoft, Inc., as authorized by William M. McCool, Clerk of Court. (PP) (Entered: 09/20/2011) |
| 09/29/2011 | 13 | MOTION for Judgment *on the pleadings, ex parte* by Plaintiff David Stebbins. Noting Date 9/30/2011, (Stebbins, David) (Entered: 09/29/2011) |
| 09/30/2011 | 14 | MINUTE ORDER by Judge John C Coughenour, United States District Judge; The Court GRANTS pltf's 11 Motion for Order Directing Service; The Court STRIKES pltf's 13 Motion for Judgment. (TF) cc: D Stebbins. (Clerk prepared USM 285 and Summons, Complaint and this Minute Order for service with US Marshal's Service). (Entered: 09/30/2011) |
| 10/13/2011 | 15 | RETURN OF SERVICE by US Marshal's Office re: Service of Summons and Complaint upon Microsoft, Inc on 10/11/2011. (TF) (Entered: 10/14/2011) |
| 11/01/2011 | 16 | MOTION to Dismiss by Defendant Microsoft Inc. (Attachments: # 1 Proposed Order) Noting Date 11/25/2011, (Goldmark, John) (Entered: 11/01/2011) |
| 11/01/2011 | 17 | CORPORATE DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P 7.1.. (Goldmark, John) (Entered: 11/01/2011) |
| 11/02/2011 | 18 | MOTION for Sanctions by Plaintiff David Stebbins. Noting Date 11/18/2011, (Stebbins, David) (Entered: 11/02/2011) |
| 11/02/2011 | 19 | Second MOTION for Judgment on the Pleadings by Plaintiff David Stebbins. (Attachments: # 1 Certificate of Service, # 2 Proposed Order) Noting Date 11/25/2011, (Stebbins, David) (Entered: 11/02/2011) |
| 11/02/2011 | 20 | Second MOTION for Default *as to Microsoft Corporation* by Plaintiff David Stebbins. (Attachments: # 1 Certificate of Service) Noting Date 11/2/2011, (Stebbins, David) (Entered: 11/02/2011) |
| 11/02/2011 | 21 | RESPONSE, by Plaintiff David Stebbins, to 16 MOTION to Dismiss. (Attachments: # 1 Certificate of Service)(Stebbins, David) (Entered: 11/02/2011) |
| 11/04/2011 | 22 | Second MOTION for Sanctions *or in the alternative for clarification* by Plaintiff David Stebbins. (Attachments: # 1 Exhibit A, # 2 Certificate of Service) Noting Date 11/25/2011, (Stebbins, David) (Entered: 11/04/2011) |
| 11/07/2011 | 23 | ***Please disregard, filed in error.*** ~~ORDER denying Plaintiff's Motion for Default 20 filed against Microsoft, Inc. by Paul Pierson, Courtroom Deputy Clerk on behalf of William McCool, Clerk of Court.~~ (PP) Modified on 11/7/2011 (TF). (Entered: 11/07/2011) |
| 11/07/2011 | 24 | Third MOTION for Default *as to Microsoft Corporation* by Plaintiff David Stebbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service) Noting Date 11/7/2011, (Stebbins, David) (Entered: 11/07/2011) |
| 11/07/2011 | 25 | ORDER DENYING Pltf's 20 Second MOTION for Default *as to Microsoft Corporation* by Paul Pierson, Courtroom Deputy Clerk on behalf of William M |

**ER 043**

| | | McCool, Clerk of the Court. (TF) (Entered: 11/07/2011) |
|---|---|---|
| 11/11/2011 | 26 | RESPONSE, by Defendant Microsoft Inc, to 18 MOTION for Sanctions, 24 Third MOTION for Default *as to Microsoft Corporation*, 19 Second MOTION for Judgment on the Pleadings, 22 Second MOTION for Sanctions *or in the alternative for clarification*. (Goldmark, John) (Entered: 11/11/2011) |
| 11/11/2011 | 27 | DECLARATION of JOHN GOLDMARK filed by Defendant Microsoft Inc re 18 MOTION for Sanctions, 24 Third MOTION for Default *as to Microsoft Corporation*, 19 Second MOTION for Judgment on the Pleadings, 22 Second MOTION for Sanctions *or in the alternative for clarification* (Goldmark, John) (Entered: 11/11/2011) |
| 11/15/2011 | 28 | REPLY, filed by Plaintiff David Stebbins, TO RESPONSE to 18 MOTION for Sanctions, 22 Second MOTION for Sanctions *or in the alternative for clarification* (Attachments: # 1 Certificate of Service)(Stebbins, David) (Entered: 11/15/2011) |
| 11/15/2011 | 29 | REPLY, filed by Plaintiff David Stebbins, TO RESPONSE to 19 Second MOTION for Judgment on the Pleadings (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Stebbins, David) (Entered: 11/15/2011) |
| 11/23/2011 | 30 | REPLY, filed by Defendant Microsoft Inc, TO RESPONSE to 16 MOTION to Dismiss (Goldmark, John) (Entered: 11/23/2011) |
| 11/23/2011 | 31 | DECLARATION of Intent to File Surreply filed by Plaintiff David Stebbins re 16 MOTION to Dismiss (Attachments: # 1 Certificate of Service)(Stebbins, David) (Entered: 11/23/2011) |
| 11/23/2011 | 32 | SURREPLY filed by Plaintiff David Stebbins re 16 MOTION to Dismiss (Attachments: # 1 Certificate of Service)(Stebbins, David) (Entered: 11/23/2011) |
| 12/13/2011 | 33 | MINUTE ENTRY for proceedings held before United States District Judge John C. Coughenour; Courtroom Deputy Clerk: *Paul Pierson*; Plaintiff: *Not Present*; Defense Counsel: *Not Present*; Court Reporter: *Debbie Zurn*; Time of Hearing: *9:00 a.m.*; Courtroom: *16206*;**Status Conference** was held on 12/13/2011. The case was called and no appearances were made by the parties. The Court directed an Order to Show Cause re: Dismissal for their failure to appear at the Status Conference be issued and the parties responses are due within 30 days. Parties will be notified of further proceedings via written order. (PP) (Entered: 12/13/2011) |
| 12/13/2011 | 34 | MINUTE ORDER by Judge John C Coughenour, United States District Judge; The parties are ORDERED to SHOW CAUSE within 30 days of the date of this Order for their failure to appear for the 12/13/2011 status conference. (TF) (Entered: 12/14/2011) |
| 12/14/2011 | 35 | RESPONSE TO ORDER TO SHOW CAUSE by Defendant Microsoft Inc. (Goldmark, John) (Entered: 12/14/2011) |
| 12/30/2011 | 36 | NOTICE of Change of Address and Response to Minute Order filed by Plaintiff David Stebbins. (TF) Modified on 12/30/2011 to update address (TF). (Entered: 12/30/2011) |

**ER 044**

| | | |
|---|---|---|
| 01/13/2012 | 37 | ORDER by Judge John C Coughenour; The Court GRANTS deft's 16 Motion to Dismiss. This case is DISMISSED with prejudice. Pltf's outstanding 18 19 22 24 motions are DENIED as frivolous. (TF) cc: Stebbins (Entered: 01/17/2012) |
| 01/13/2012 | 38 | JUDGMENT BY COURT; Defendant's motion to dismiss is GRANTED. (Dkt. No. 16 .) This case is DISMISSED with prejudice, and the Clerk is directed to CLOSE the case. Plaintiff's outstanding motions are DENIED as frivolous. (Dkt. Nos. 18 , 19 , 22 , 24 .) (TF) cc: Stebbins (Entered: 01/17/2012) |
| 01/26/2012 | 39 | MOTION for Reconsideration by Plaintiff David Stebbins, re 37 Order of Dismissal and 38 Judgment by Court. Noting Date 1/26/2012. (TF) (Entered: 01/26/2012) |
| 01/26/2012 | 40 | NOTICE OF APPEAL(12-35082) as to 37 Order on Motion to Dismiss, Terminated Case, 38 Judgment by Court, by Plaintiff David Stebbins. No fee received: IFP granted on 9/7/11. (LMK) Modified on 1/27/2012; added CCA case number (LMK). (Entered: 01/27/2012) |
| 02/21/2012 | 41 | SUPPLEMENT to pltf's 39 MOTION for Reconsideration filed by Plaintiff David Stebbins. (TF) (Entered: 02/22/2012) |
| 03/02/2012 | 42 | ORDER by Judge John C Coughenour. The court DENIES plaintiff's motion for reconsideration, (Dkt. No. 39 .) (CL) (cc: pltf) (Entered: 03/05/2012) |
| 03/12/2012 | 43 | NOTICE OF AMENDED APPEAL (12-35082) to Ninth Circuit re 42 Order on Motion for Reconsideration by Plaintiff David Stebbins. Filing Fee not received. IFP Granted 9/7/2011. (JS) Modified on 3/14/2012; Ninth Circuit notified this court that pleading is being treated as an Amended Notice of Appeal (LMK). (Entered: 03/13/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/25/2012 12:12:39 | | |
| **PACER Login:** | dw0001 | **Client Code:** | 25936-1472 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-01362-JCC |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**ER 045**