FILED

MAY 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ANTHONY STEBBINS, | No. 12-35082 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01362-JCC |
| v. | |
| MICROSOFT CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 14, 2013[**]

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

David Anthony Stebbins appeals pro se from the district court's judgment dismissing his action to enforce an arbitration award under the Federal Arbitration Act. We review de novo a dismissal for failure to state a claim, *Knievel v. ESPN*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

393 F.3d 1068, 1072 (9th Cir. 2005), and for an abuse of discretion the denial of reconsideration, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court properly dismissed Stebbins's action because Stebbins's unilateral amendments to an existing contract with Microsoft Corporation did not give rise to a valid agreement to arbitrate between the parties. *See First Options v. Kaplan*, 514 U.S. 938, 944 (1995) (state law principles of contract formation generally govern the determination of whether the parties agreed to arbitrate a certain matter); *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004) (under Washington state law, "the parties must objectively manifest their mutual assent" to form a contract).

The district court did not abuse its discretion in denying reconsideration because Stebbins failed to establish grounds for such relief. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (discussing grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Stebbins's contentions regarding defendant's alleged control over the district court are unpersuasive.

We do not address arguments allegedly incorporated by reference on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (arguments not

expressly discussed in the opening brief are deemed waived).

Stebbins's motion to file a supplemental brief, filed on March 12, 2012, is denied as moot and his motion for a stay is denied.

Stebbins's motion to clarify this court's April 9, 2012 order, filed on April 9, 2012, is granted in part, and the Clerk is directed to file an amended order clarifying that its March 20, 2012 order, not the June 30, 2009 order, is vacated.

Stebbins's "Motion to not schedule oral argument or in the alternative for leave to participate in oral argument by telephone or in the alternative for appointment of counsel [for oral argument]," filed on June 16, 2012, is denied.

Microsoft's motion to file late Excerpts of Record, filed on March 19, 2013, is granted.

**AFFIRMED.**