IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DAVID STEBBINS										APPELLANT

VS.					CASE NO. 12-35082

MICROSOFT, INC.										APPELLEE

**PETITION FOR PANEL REHEARING**

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following motion for a panel rehearing.

1. The panel decided to ignore the arguments incorporated by reference, citing the precedent of *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992). Pursuant to Circuit Rule 40-1(c), a copy thereof is attached to this Petition.

2. However, I have a good reason for why an exception should be made in this case. I was incarcerated at the time of the Opening Brief. As a direct result, I did not have access to the record for me to base an argument off of, and furthermore, I did not have access to the 9th Circuit's Local Rules or its case law; all I got was some abridged FAQ information that the Clerk sent me. In fact, I did not have access to any case law, because county jails in Arkansas do not have law libraries. This is a judicially noticeable fact because the Court can contact any Arkansas county jail of its choosing and, in five minutes time, receive confirmation that they are not required to keep law libraries for inmate use.

3. Although ignorance of the law is not normally an excuse, but the Supreme Court has saw fit to create exceptions to this rule where a person actually has a legitimate reason for not knowing the law. See Lambert v. California, 355 U.S. 225, 229 (1957) (affirming lack of knowledge of the law as an excuse in cases "where there was no proof of the probability of such knowledge").

4.     See, the doctrine of *ignorantia juris non excusat* is typically justified because the law is made reasonable available to everyone to study. Whether they take advantage of this availability is up to them, but the justification behind the doctrine ceases to make sense in the event where, in cases such as this, a person is cut off from access to the law and his ability to study it. Ignorance of the law becomes an excuse when the ignorance itself is excusable.

5.     The case of *Acoste v. Estelle* is distinguishable on precisely this ground. Although the petitioner was a *pro se* appellant who is incarcerated, he was incarcerated in a state prison, which had a law library. Furthermore, he was attempting to file a Petition for Writ of Habeas Corpus, which means he could have had counsel appointed for him if he wanted; the precedent of *Haines v. Kerner*, 404 U.S. 519 (1972) does not apply in criminal cases where appointment of counsel is allowed[1], as a Defendant who declines counsel in such a case is thought to control his own destiny in that regard.

6.     For these reasons, I ask that the case be reopened and that I be allowed to file a new briefing, this time getting it right (or at the very least, lacking any excuse for getting it wrong, unless I am incarcerated again). Appellees will suffer no prejudice that the length of this case has not already caused them to suffer.

    Wherefore, premises considered, I request that this Motion for Panel Rehearing be granted.

             /s/ David Stebbins
            David Stebbins
            123 W. Ridge St.,
            APT D
            Harrison, AR 72601
            870-204-6516
            stebbinsd@yahoo.com

---

[1] Not all criminal cases allow the appointment of counsel. Minor traffic violations come immediately to mind.

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DAVID STEBBINS                                                                APPELLANT

VS.                                    CASE NO. 12-35082

MICROSOFT, INC.                                                               APPELLEE

CERTIFICATE OF SERVICE

Defense counsel has been served with this document by allowing them to view it on ECF.

  */s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com